[Civ. No. 44542. Second Dist.. Div. Two. July 24, 1975.]

SEIDMAN & SEIDMAN, Plaintiff,
Cross-defendant and Appellant, v.
PHILLIP J. WOLFSON, Defendant,
Cross-complainant and Respondent;
JULIAN S. H. WEINER, Defendant and Respondent.

**COUNSEL**

Latham & Watkins, Bruce R. Lederman and John J. Bentley III for Plaintiff, Cross-defendant and Appellant.

Fischmann & Wallerstein, B. Wallace Fischmann and Robert Z. Walker for Defendant, Cross-complainant and Respondent.

No appearance for Defendant and Respondent.

**OPINION**

**BEACH, J.**—Seidman & Seidman, a partnership of certified public accountants, sued Phillip J. Wolfson and Julian S. H. Weiner, who had combined their accounting practice (Wolfson, Weiner, Ratoff & Lapin) with that of plaintiff and had become partners in Seidman & Seidman. Allegedly the largest client of defendants' firm was Equity Funding Corporation of America ("Equity Funding"), which had been represented as a "prosperous, prestigious, dynamically growing corporate concern in excellent financial condition." Defendants did not reveal to plaintiff the true nature of Equity Funding, whose assets and income had been fraudulently overstated for several years. In its first amended complaint, Seidman & Seidman sued for accounting and restitution based on rescission for material misrepresentation; accounting and restitution based on rescission for mutual mistake; declaratory judgment of rescission; declaratory judgment of right to indemnity; injunction against defendant Weiner for arbitration started in New York under a contract that allegedly has been rescinded; injunction against defendant Weiner against same arbitration to prevent a multiplicity of actions.

In the preliminary stages of the above lawsuit, the trial court entered four orders from which plaintiff now appeals. The minute order dated April 23, 1974, denied plaintiff's motion for a preliminary injunction against defendant Weiner. An order on June 17, 1974, granted defendant Weiner's motion to stay proceedings on plaintiff's complaint pending the outcome of arbitration commenced by Weiner in New York; another order on June 17, 1974, denied plaintiff's motion to reconsider the April 23 order denying plaintiff's motion for a preliminary injunction against defendant Weiner. A minute order dated June 18, 1974, denied plaintiff's petition for an order compelling defendant Wolfson to arbitrate.

*Contentions on Appeal:*

1. The trial court erred in its April 23 order in holding that appellant was not entitled to a court determination as to the validity of the agreements before appellant could be forced to arbitrate them; California law should apply.

2. The April 23 order denying appellant's motion for a preliminary injunction restraining Weiner from continuing with the New York arbitration was based on erroneous conclusions of law and amounted to an abuse of discretion.

3. There was no substantial evidence to support the trial court's June 18 finding that appellant had waived its right to arbitration with Wolfson under the circumstances of this case.

4. In granting Weiner's motion to stay proceedings as to Weiner alone on appellant's first amended complaint, the trial court permitted Weiner to avoid the policy and procedures of California law and thereby abused its discretion.

*Discussion:*

1. *The trial court properly decided that New York law applies and did not abuse its discretion in denying appellant's motion to restrain Weiner's New York arbitration proceedings.*

The combination agreement between appellant and respondents provided: "The provisions for arbitration of any controversy or dispute contained in the Partnership Agreement shall be applicable to any

controversy or dispute involving the provisions of this agreement and are hereby incorporated herein with the same force and effect as if herein set forth in full." It further provided: "This agreement shall be governed by and construed in accordance with the laws of the State of New York."

The partnership agreement similarly provided for arbitration, specifying "The details of such arbitration shall be agreed upon between the Partner or Partners involved and the Partnership, or failing such agreement within 15 days after demand by any party for such arbitration, such arbitration shall be held in New York City under the jurisdiction of and in accordance with the rules of the American Arbitration Association then obtaining." That agreement further provided: "This agreement, its validity, construction, administration and effect shall be governed by and construed in accordance with the laws of the State of New York."

Appellant claims that California law applies and that under California law, appellant is clearly entitled to have the New York arbitration stayed pending a (California) judicial determination of its right to rescind the agreements.

Regarding the validity of contracts and rights created thereby, "[t]he law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue." (Rest.2d Conf. of Laws, §§ 186, 187.) Appellant concedes the validity of allowing parties to choose the applicable law; however, appellant contends that Comment b to section 187, precludes application of the section in the case at hand. That comment provides in part "A choice-of-law provision . . . will not be given effect if the consent of one of the parties to its inclusion in the contract was obtained by improper means, such as by misrepresentation, duress, or undue influence, or by mistake. . . ." While the basis for appellant's lawsuit is the alleged misrepresentation or mistake regarding Equity Funding, there is no contention that inclusion of the choice of law clause itself was obtained by misrepresentation or mistake.

The trial court properly found that the choice of law provision of the parties was valid and that New York law should apply. The questions raised concerning the validity of the agreements can be raised before the New York arbitrator. (*Weinrott* v. *Carp*, 32 N.Y.2d 190 [344 N.Y.S.2d 848, 298 N.E.2d 42].)

In its April 23 order, the trial court further found that appellant's first, second, and third causes of action should be arbitrated; that the fourth cause of action (seeking indemnity) was premature; and that the fifth and sixth counts "although labeled as causes of action, are in essence requests for ancillary relief in the form of a preliminary injunction, which, by definition, must be appended to a main action." Even assuming a valid California cause of action, the trial court exercised "its discretion to not issue a preliminary injunction herein." It stated: "Arbitration will result in an award that will be confirmed in a New York court. The arguments advanced here requesting a preliminary injunction, on the twin and alternate theories of multiplicity of suits and irreparable harm, can easily be addressed to the New York court which will ultimately enter its judgment on the arbitration award."

Assuming arguendo that the trial court erred in deciding an independent action for an injunction to prevent a multiplicity of suits could not be brought (Code Civ. Proc., § 526, subd. 6; Civ. Code, § 3422, subd. 3; *Rynsburger* v. *Dairymen's Fertilizer Coop., Inc.,* 266 Cal.App.2d 269 [72 Cal.Rptr. 102]), the question remains whether such an injunction would be improper under the factual circumstances of this case. As the trial court stated, the same arguments for a preliminary injunction can be presented to the New York court. Furthermore, there is some evidence that the New York arbitration might well be settled without resorting to the issues raised by the civil and criminal cases involving Equity Funding, the primary conflict raised by appellant. In his demand for arbitration, Weiner asked for a determination if his termination from plaintiff partnership was with or without cause; determination of damages whether with or without cause; determination of damages due because of breach of contract and failure to conduct reviews of audits; and a determination if Weiner is responsible for guarantee of any receivables. Before that demand was made, plaintiff informed Weiner that under the supplemental combination agreement, cause was not necessary for termination; causes not limited to the Equity Funding matters were also given for Weiner's termination. Thus the arbitration might be conducted without reference to the other suits. The trial court did not abuse its discretion by refusing to order a preliminary injunction restraining Weiner from continuing with the New York arbitration.

2. *In granting Weiner's motion to stay the proceedings as to Weiner alone on appellant's first amended complaint, the trial court did not abuse its discretion.*

■ Appellant first argues that there is no California authority permitting the court to stay the litigation as to Weiner to allow the New York arbitration to continue when "[g]rounds exist for the revocation of the agreement." (Code Civ. Proc., § 1281.2.) Section 1281.2 of the Code of Civil Procedure concerns the court's ordering of arbitration. As discussed *supra,* once it was decided that New York law applied, the court had no choice but to allow arbitration in New York despite the California provision that the court should order arbitration "unless it determines that . . . [g]rounds exist for the revocation of the agreement."

Section 1281.4 of the Code of Civil Procedure[1] discusses the stay of proceedings when a court of competent jurisdiction, whether in California or not, has ordered arbitration of a controversy in issue in the action or proceeding before a court of this state. An application for an order to arbitrate is enough to compel a stay of the legal proceedings. Appellant claims that there is no such order or application in the instant case and that therefore Weiner is not entitled to a stay of the legal proceedings because he has not complied with section 1281.4.

Weiner apparently based his motion to stay on section 1281.4, on New York's sections 1451 and 7503(a)[2] of the Civil Practice Act, and on his

[1]Section 1281.4 of the Code of Civil Procedure reads:

"If a court of competent jurisdiction, whether in this State or not, has ordered arbitration of a controversy which is an issue involved in an action or proceeding pending before a court of this State, the court in which such action or proceeding is pending shall, upon motion of a party to such action or proceeding, stay the action or proceeding until an arbitration is had in accordance with the order to arbitrate or until such earlier time as the court specifies.

"If an application has been made to a court of competent jurisdiction, whether in this State or not, for an order to arbitrate a controversy which is an issue involved in an action or proceeding pending before a court of this State and such application is undetermined, the court in which such action or proceeding is pending shall, upon motion of a party to such action or proceeding, stay the action or proceeding until the application for an order to arbitrate is determined and, if arbitration of such controversy is ordered, until an arbitration is had in accordance with the order to arbitrate or until such earlier time as the court specifies."

[2]Section 7503(a) of the Civil Practice Act reads:

"*Application to compel arbitration; stay of action.* A party aggrieved by the failure of another to arbitrate may apply for an order compelling arbitration. Where there is no substantial question whether a valid agreement was made or complied with, and the claim sought to be arbitrated is not barred by limitation under subdivision (b) of section 7502, the court shall direct the parties to arbitrate. Where any such question is raised, it shall be tried forthwith in said court. If an issue claimed to be arbitrable is involved in an action pending in a court having jurisdiction to hear a motion to compel arbitration, the application shall be made by motion in that action. *If the application is granted, the order shall operate to stay a pending or subsequent action, or so much of it as is referable to arbitration.*" (Italics added.)

belief that the litigation could be enjoined under California law where necessary to prevent a multiplicity of suits. No order or application was made, as required by California and New York law.[3]

However, there has been a showing that a multiplicity of actions might be avoided ·by staying the legal proceedings as to Weiner while the arbitration continues. That would occur if, as we decide *infra,* the trial court erred in finding that Seidman waived its right to arbitration with Wolfson. While the reasons for termination may be different, the contracts under which Weiner, Wolfson, and appellant are bound present many similar questions that can be decided by the New York arbitrator.

In addition, although no order or application for order have been made, it would be a useless act to require Weiner to submit such an application when the arbitration is already well under way. The policy of both California and New York favors arbitration of disputes. Under these circumstances, it is within the implicit power of the court to stay the legal proceedings while arbitration is proceeding. The trial court did not abuse its discretion·in ordering the stay as to Weiner.

3. *The trial court erred in finding that appellant had waived its right to arbitration with respondent Wolfson.*

 Respondent Wolfson was successful in persuading the trial court that appellant had waived its right to arbitration with Wolfson and was thereby compelled to proceed with the suit against him in California while confronting Weiner in the New York arbitration. Appellant claims that the mere initiation of the instant suit is not sufficient to show waiver of right to arbitration. Respondent contends that it is and that in addition appellant has waived its right to arbitration by purporting to rescind its contract with Wolfson.

Both parties have cited and distinguished various California cases on the issue of waiver of arbitration. Rule 46(a) of the Commercial Arbitration Rules of the American Arbitration Association has also been brought to the court's attention.

---

[3]The denial of plaintiff's motion for a preliminary injunction to restrain arbitration is not equivalent to a court order compelling arbitration, although the effect in many cases would be the same.

Paragraph 14 of the combination agreement, as stated above, provides: "The provisions for arbitration of any controversy or dispute in the Partnership Agreement shall be applicable to any controversy or dispute involving the provisions of this agreement and are hereby incorporated herein . . . ." The partnership agreement provided that disputes relating to it or the partnership and its affairs "shall be resolved . . . by disinterested arbitration . . . . [S]uch arbitration shall be held in New York City under the jurisdiction of and in accordance with the rules of the American Arbitration Association then obtaining." Appellant argues that rule 46(a) of the Commercial Arbitration Rules of the American Arbitration Association precludes a finding that appellant waived arbitration by filing a complaint herein; that rule provides: "No judicial proceedings by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate." Respondent contends that rule 46(a) does not apply until "such arbitration" proceeding is being conducted and that it does not apply as to what conduct the court can declare is a waiver of the right to arbitrate.

■ Rule 46(a) does apply to the arbitration or waiver thereof between these parties. But it has been interpreted to apply only to provisional remedies such as attachments or injunctions that through judicial relief may be available in arbitration. (Domke on Commercial Arbitration (1968) p. 264; (1974 Supp.) § 26.03.) The purpose behind rule 46(a) was to permit those provisional remedies, not to allow a party to seek solely judicial relief of its controversy and later to switch course and demand arbitration.

■ Once we have decided that rule 46(a) does not apply, we are left with the question of whether the trial court erred in finding that under the facts of this case appellant had waived its right to arbitration with Wolfson. Respondent Wolfson argues that various California cases (e.g., *Bertero* v. *Superior Court,* 216 Cal.App.2d 213 [30 Cal.Rptr. 719]; *Local 659, I.A.I.S.E.* v. *Color Corp. Amer.,* 47 Cal.2d 189 [302 P.2d 294]) control and that they compel a finding of waiver.

■ Arbitration "is a recognized and favored means by which parties expeditiously and efficiently may settle disputes which might otherwise take years to resolve. [Citations.]" *(Gunderson* v. *Superior Court,* 46 Cal.App.3d 138, 143 [120 Cal.Rptr. 35].) Although the right to arbitration may be waived, the courts must closely scrutinize any allegation of waiver of such favored right. We decide that the court below erred in

concluding that the conduct of plaintiff resulted in a waiver of arbitration in the instant case.

 *Bertero, supra,* and *Local 659, supra,* are both distinguishable. In the latter, the court found a mutual rescission of the arbitration provision. Affirmance of the judgment dismissing the petition of arbitration after petitioner had already brought a legal action against defendant was based on more than merely the filing of the legal action. The court found there had been a repudiation of the arbitration provision and acceptance thereof by defendant. In the instant case, assuming repudiation of the contract by appellant, defendant Wolfson did not change his position before the time appellant decided that it did indeed desire arbitration. The following language from *Local 659, supra,* 47 Cal.2d at pages 195-196 is pertinent: " '. . . Suppose . . . that he repudiates the agreement to arbitrate itself. By such a repudiation he does not deprive the other party of his right to arbitration; and if the repudiator brings an action in breach of his valid arbitration agreement the defendant can defend on the ground that arbitration is a condition precedent, or under a statute can obtain a stay or an order to arbitrate, or can counterclaim for damages. But such a repudiator has himself no right to arbitration. The other party can now bring his action in reliance on the repudiation, or otherwise change his position in reliance. *Thereafter,* the repudiator has no power of retraction and can not insist on the remedy by arbitration.' " (Italics added.) In the instant case, even assuming initial repudiation, there is ample reason to find retraction by appellant.

Furthermore, the unequivocal refusal to arbitrate referred to in *Local 659, supra,* and the unqualified repudiation of the entire contract in *Bertero, supra,* are not present in the instant case. In the points and authorities filed with appellant's original complaint, we find that "Seidman & Seidman is not seeking to avoid its agreement to arbitrate the Agreements if it is not entitled to rescission. If this Court finds that Seidman & Seidman was not induced to enter into the Agreements by the tortious conduct or the material misrepresentations of Mr. Weiner and Mr. Wolfson, and that a material mutual mistake in fact as to the subject matter did not occur, Seidman & Seidman will not be entitled to rescission, and it will be willing to arbitrate." The trial court may have thought that the appellant's prominent counsel knew that New York law applied, knew they should not have asked for rescission in California, and were doing so with knowledge that the filing of an action for rescission would generally waive its right to arbitration. If that be the

case, when the paragraph in the points and authorities is included, the picture is more one of gamesmanship of a lawsuit than the intentional relinquishment of a known right. To the contrary, it shows intent to maintain the possibility of arbitration. While such tactics are hardly to be applauded, neither should they be the basis for a finding of waiver when there has been no unequivocal showing of repudiation. Similarly, appellant's continued skirting of Wolfson's inquiries about arbitration do not constitute refusal to arbitrate. We do not approve of counsel's stalling techniques, but neither can we find a waiver of arbitration therefrom.

The appeal from the order of June 17, 1974, denying appellant's motion for reconsideration is dismissed.

The June 18, 1974, order denying appellant's petition for an order compelling defendant Wolfson to arbitrate is reversed. The remaining orders are affirmed.

Appellant Seidman & Seidman to recover its costs on appeal from Wolfson; Weiner to recover his costs on appeal from Seidman & Seidman.

Fleming, Acting P. J., and Compton, J., concurred.

A petition for a rehearing was denied August 22, 1975, and the petition of respondent Wolfson for a hearing by the Supreme Court was denied September 24, 1975.