[S.F. No. 23879. Jan. 25, 1979.]

LYLE DOERS et al., Plaintiffs and Appellants, v.
GOLDEN GATE BRIDGE, HIGHWAY AND TRANSPORTATION
DISTRICT, Defendant and Respondent.

**COUNSEL**

Jeffrey A. Walter, Neyhart & Anderson, Neyhart, Anderson & Nussbaum and Peter Nussbaum for Plaintiffs and Appellants.

Duane B. Garrett, Paul A. Gordon and Hanson, Bridgett, Marcus, Milne & Vlahos for Defendant and Respondent.

**OPINION**

**THE COURT.**\*—We granted a hearing in this case in order to resolve a conflict between Court of Appeal opinions in this and earlier cases. After an independent study of the issue, we have concluded that the thoughtful opinion of Justice Scott (Acting P. J.) for the Court of Appeal, First Appellate District, in this case correctly treats the issues, and that we

---

\*Before Bird, C. J., Mosk, J., Clark, J., Richardson, J., Manuel, J., Taylor, J.,† and Caldecott, J.†

†Assigned by the Chairperson of the Judicial Council.

should adopt it as our own opinion. That opinion, with appropriate deletions and additions,* is as follows:

This is an appeal from an order denying appellants' petition to compel arbitration of a dispute arising from an agreement between respondent Golden Gate Bridge District (hereinafter the District) and appellant Amalgamated Transit Union (hereinafter the Union). The issue presented is whether the provisions of a collective bargaining contract providing for arbitration of disputes is waived by an employee when he files a lawsuit against his employer regarding the dispute. We hold that the mere filing of a lawsuit does not constitute a waiver of the right to arbitrate. We therefore conclude that the trial court erred in denying appellants' petition to compel arbitration where the employee's lawsuit, filed in federal court, was dismissed for lack of subject matter jurisdiction.

Appellant Lyle Doers was employed by Greyhound Lines in May of 1967 as a baggage clerk. From June of 1970 to January of 1972 he worked at the Santa Rosa Greyhound terminal. During his employment he was a member of the Union. On or about January 1, 1972, respondent District began commute bus service from Santa Rosa to San Francisco. As a result, Greyhound began to cut down on its Santa Rosa terminal service and appellant was reduced from regular employment to relief employment. On or about March 1, 1973, Greyhound Lines converted its Santa Rosa terminal from a company operation to a "commission agency" operation. By agreement with the Union, regular Greyhound employees, excluding Doers, were transferred to positions with Greyhound in San Francisco. Since March 7, 1973, appellant has been employed in the Santa Rosa terminal. An attempt by appellant to obtain employment with the District was unsuccessful.

In connection with the District's operation of bus services it entered into an agreement with the Department of Transportation to receive funds under the Urban Mass Transit Act of 1964 (49 U.S.C. § 1601 et seq.). The District's receipt of funds under that act was conditioned upon the making of fair and equitable arrangements "to protect the interests of employees affected by such assistance." (49 U.S.C. § 1609(c).) On June 11, 1971, for the purpose of complying with the provisions of the Urban Mass Transit Act, the District entered an agreement with the Union

*Brackets together, in this manner [], are used to indicate deletions from the opinion of the Court of Appeal; brackets enclosing material (other than the editor's parallel citations) are, unless otherwise indicated, used to denote insertions or additions by this court. (*Estate of McDill* (1975) 14 Cal.3d 831, 834 [122 Cal.Rptr. 754, 537 P.2d 874].)

providing job protection for affected employees of existing transportation systems who would be given first opportunity for comparable employment with the District. One provision of that agreement established the right to arbitration of disputes arising under the agreement.

On October 17, 1975, Doers filed a complaint in the United States District Court for the Northern District of California against the District and the Union, asserting grievances which are not necessary to relate to resolve the issues presently before us. The prayer for relief sought a declaration that he was improperly denied the protection set forth in the Urban Mass Transit Act, an injunction to order the District to offer him equivalent employment, and $100,000 in damages for willful violation of federal law and agreements made pursuant thereto.

The action was dismissed for lack of subject matter jurisdiction upon the motion of respondent. Thereafter, Doers and the Union jointly filed a petition in the superior court to compel arbitration pursuant to Code of Civil Procedure sections 1281.2 and 1290. This petition was based on the same grounds which gave rise to the federal action. ▮▮ ▮▮▮ The trial court denied the petition on the ground that appellants had waived the right to arbitration when Doers brought his action in federal court.[1] The court also concluded that the Union was bound by Doers' waiver because it was proceeding purely in a representative capacity in seeking arbitration.

---

[1] On December 15, 1975, Doers amended the complaint in federal court to add a prayer for "such other and further relief as the Court may deem just and proper, including but not limited to a possible alternative disposition wherein this entire action be ordered to be submitted to binding arbitration with costs of arbitration to be borne by defendants." In making its determination, the trial court had no evidence before it of Doers' amendment to the federal complaint. Appellants first sought to raise the issue of the amendment by their motion in this court to take judicial notice and augment the record on appeal. However, they gave no explanation for failing to inform the trial court, either before decision or by post-judgment attack, of the existence of this amendment.

As a general rule, documents not before the trial court cannot be included as a part of the record on appeal. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 218, pp. 4208-4209.) Although a reviewing court may take judicial notice of matters not before the trial court, including records of another court (Evid. Code, §§ 459, subd. (a), 452, subd. (d)), the reviewing court need not give effect to such evidence. "Having taken judicial notice of such a matter, the reviewing court may or may not apply it in the particular case on appeal. The effect to be given to matters judicially noticed on appeal, where the question has not been raised below, depends on factors that are not evidentiary in character . . . . For example, the appellate court is required to notice [various decisional and statutory law], but it may hold that an error which the appellant has 'invited' is not reversible error or that points not urged in the trial court may not be advanced on appeal . . . ." (Cal. Law Revision Com. comment to Evid. Code, § 459; 29B West's Ann. Evid. Code (1966 ed.) p. 423.)

"An appellate court will ordinarily not consider procedural defects or erroneous

Code of Civil Procedure section 1281.2 expressly provides that "the court *shall* order the petitioner [seeking arbitration] and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that: (a) The right to compel arbitration has been waived by the petitioner . . . ." (Italics added.) The petition to compel arbitration in this action alleged the existence of a written agreement to arbitrate and the refusal of the District to submit the controversy to arbitration. There is no dispute over the fact that an agreement to arbitrate existed. The only issue in controversy on this appeal is whether appellants have waived their right to compel arbitration.

■ Waiver of a contractual right to arbitration is ordinarily a question of fact and determination of this question, if supported by substantial evidence, is binding on an appellate court. (*Sawday* v. *Vista Irrigation Dist.* (1966) 64 Cal.2d 833, 836 [52 Cal.Rptr. 1, 415 P.2d 816].) Under the general rule this question is left to the trial court where there is substantial evidence to support it. However, in cases where the record before the trial court establishes a lack of waiver as a matter of law, the appellate court may reverse a finding of waiver made by the trial court. (See *Seidman & Seidman* v. *Wolfson* (1975) 50 Cal.App.3d 826 [123 Cal.Rptr. 873].)

■ At the outset, we recognize that several recent Court of Appeal cases have either stated or held that a party waives his contractual arbitration right by merely filing a lawsuit. (See, e.g., *Maddy* v. *Castle* (1976) 58 Cal.App.3d 716 [130 Cal.Rptr. 160]; *Gunderson* v. *Superior Court* (1975) 46 Cal.App.3d 138 [120 Cal.Rptr. 35]; *Titan Enterprises, Inc.* v. *Armo Construction, Inc.* (1973) 32 Cal.App.3d 828 [108 Cal.Rptr. 456]; *Schwartz* v. *Leibel* (1967) 249 Cal.App.2d 761 [57 Cal.Rptr. 831].)

rulings, in connection with relief sought or defenses asserted, where an objection could have been but was not presented to the lower court by some appropriate method . . . . The circumstances may involve such intentional acts or acquiescence as to be appropriately classified under the headings of estoppel or waiver . . . . Often, however, the explanation is simply that it is *unfair to the trial judge and to the adverse party* to take advantage of an error on appeal when it could easily have been corrected at the trial." (6 Witkin, *supra*, § 276, pp. 4264-4265.) [Italics added.]
 In the case at bench, both appellants were obviously aware of Doers' filing an amended complaint in federal court and hence had ample opportunity before, during and after the hearing to call the trial court's attention to this pleading for whatever evidentiary or legal persuasion it might have had on it. In effect, appellants invited the trial court to rule on the basis that no such amendment existed. Since appellants have not presented any good or sufficient reason for their failure to inform the trial court of the amendment to the complaint, we deny appellants' motion to augment the record on appeal and disregard the existence of the amended complaint in deciding this appeal.

However, an examination of the case authorities relied upon by these recent cases reveals [] only that waiver occurs when the merits of the dispute have been *litigated* by the parties.

The court in *Maddy* v. *Castle* [] based its holding entirely upon *Gunderson* v. *Superior Court* and *Schwartz* v. *Leibel.* In both *Gunderson* and *Titan Enterprises* [] the courts relied solely upon *Berman* v. *Renart Sportswear Corp.* (1963) 222 Cal.App.2d 385 [35 Cal.Rptr. 218], and *Case* v. *Kadota Fig Assn.* (1950) 35 Cal.2d 596 [220 P.2d 912], for their holdings. In *Schwartz* v. *Leibel,* also cited by respondent, reliance was placed entirely upon *Berman* v. *Renart Sportswear Corp.,* and *Local 659, I.A.T.S.E.* v. *Color Corp. Amer.* (1956) 47 Cal.2d 189 [302 P.2d 294].

In *Berman* v. *Renart Sportswear*—cited by almost every case finding waiver in the filing of a complaint—the Court of Appeal stated, for the first time, that waiver occurs by "bringing suit." This statement, however, was dictum, since the *Berman* court denied the petition for arbitration on other grounds. (222 Cal.App.2d at p. 389.) Further, the *Berman* court relied exclusively on *Case* v. *Kadota Fig Assn.* for its articulation of the "bringing suit" standard. Accordingly, the authority for the rule applied by the trial court must, if it exists at all, arise out of [] [our] decisions in *Case* v. *Kadota Fig Assn., supra,* 35 Cal.2d 596, *Local 659, I.A.T.S.E.* v. *Color Corp. Amer., supra,* 47 Cal.2d 189, and the cases cited therein. But the language contained in all of those cases is readily susceptible to exactly the opposite interpretation. In *Seidman & Seidman* v. *Wolfson, supra,* 50 Cal.App.3d 826, for example, the court held that the mere filing of a lawsuit would not constitute a waiver of contractual arbitration rights. In so holding, the court distinguished *Local 659:* "[In *Local 659*] the court found a mutual rescission of the arbitration provision. Affirmance of the judgment dismissing the petition of arbitration after petitioner had already brought a legal action against defendant was *based on more than merely the filing of the legal action.* The court found there had been a repudiation of the arbitration provision and acceptance thereof by defendant." (50 Cal.App.3d at p. 836, italics added.) Similarly, the court in *Writers Guild of America, West, Inc.* v. *Screen Gems, Inc.* (1969) 274 Cal.App.2d 367 [79 Cal.Rptr. 208], after finding *Case* v. *Kadota Fig Assn.* to be "directly in point" (at p. 371), stated in dicta that there could be no waiver until the issue had gone to judgment on the merits (at pp. 372-373).

Therefore, closer examination of the precedents which are the genesis of the waiver rule is required to resolve the conflict between subsequent, and inconsistent, cases.

*Local 659* [] [our] most recent [] case on this issue, involved the alleged breach of an employment contract containing an arbitration clause. Plaintiffs therein filed a criminal complaint with the Labor Commissioner rather than arbitrating the dispute. After judgment in the state proceeding, plaintiffs sought to arbitrate the dispute. [] [We] barred them from relitigating the issues, holding that there was a mutual rescission of the arbitration agreement. Without considering the effect of the state proceeding, it was nevertheless noted that "the arbitration provision of a contract may be waived by either or both of the parties *by litigating the dispute* which would be arbitrable under the provision and not raising the question of the arbitration provision . . . ." (47 Cal.2d at p. 194, italics added.) For the above proposition, the court relied upon *Case* v. *Kadota Fig Assn., supra; Jones* v. *Pollock* (1950) 34 Cal.2d 863 [215 P.2d 733]; *Trubowitch* v. *Riverbank Canning Co.* (1947) 30 Cal.2d 335 [182 P.2d 182]; and *Landreth* v. *South Coast Rock Co.* (1934) 136 Cal.App. 457 [29 P.2d 225], all of which are discussed *infra.*

*Case* v. *Kadota Fig Assn.* involved a suit by Case, a cannery operator, against Kadota (fig growers) for breach of contract and Yosemite (peach growers) for inducing said breach. Yosemite cross-complained and the case went to judgment in Yosemite's favor. Thereafter, Case attempted to invoke an arbitration agreement between Case and Yosemite. The court held that "the asserted right . . . to arbitration . . . must be considered in connection with the procedural basis of the litigation as a whole." (35 Cal.2d at p. 605.) Noting that Yosemite's cross-complaint was inextricably linked with its defense in that action, the court held that "by *resorting to litigation,* [Case] waived any right it might have had to [arbitration]." (At p. 606, italics added.)

The only authority relied upon in support of *Case*'s "resorting to litigation" standard was *Jones* v. *Pollock, supra,* 34 Cal.2d 863. Again, in *Jones,* the party seeking arbitration had litigated to judgment the claims which it later sought to arbitrate. For its holding that "the right to arbitrate was waived by both parties *through the litigation of their rights*" (34 Cal.2d at p. 867, italics added), the *Jones* court relied exclusively upon *Trubowitch* v. *Riverbank Canning Co., supra,* 30 Cal.2d 335. As in *Jones,* the arbitrable issue had been submitted to and determined by the court in *Trubowitch,* the court there holding that if plaintiffs had a contractual arbitration right, "they waived it by seeking without reservation a judicial determination of that issue." (30 Cal.2d at p. 339.)

In *Landreth* v. *South Coast Rock Co., supra,* 136 Cal.App. 457, the only case relied upon by *Trubowitch* for its waiver determination, the court

held that the party seeking arbitration had waived that right by litigating a judicial action of the same issues to "judgment upon the merits" (at p. 462). Indeed, *Landreth* has recently been interpreted to stand for the proposition that "a party may waive his right to arbitration by allowing the action to go to judgment without objection." (*Northcutt Lumber Co.* v. *Goldeen's Peninsula, Inc.* (1973) 30 Cal.App.3d 440, 445 [106 Cal.Rptr. 363].) *Landreth* appears to be the first California case finding a waiver of arbitration rights resulting from the litigation of arbitrable issues.

Thus, the relevant early precedents, all of which are traceable to *Landreth*, support only the proposition that it is the judicial *litigation* of the merits of arbitrable issues which waives a party's right to arbitration. It follows that the more recent Court of Appeal cases relied upon by respondent [namely, *Maddy* v. *Castle, supra, Gunderson* v. *Superior Court, supra, Titan Enterprises, Inc.* v. *Armo Construction, Inc., supra,* and *Schwartz* v. *Leibel, supra*] erroneously interpreted the prior decisions, all of which spoke in terms of previously litigated issues and which were decided in the context of appeals from judgments upon the merits. Accordingly, those recent cases, having misinterpreted the precedents relied upon, are not persuasive[2] [] [, and to the extent inconsistent with this opinion, are hereby disapproved]. Because the arbitrable issues in the instant action were never litigated by the parties in the federal court, we find that appellant Doers did not waive his contractual arbitration rights.

The approach taken here is similar to that taken by the federal courts. Under federal law, it is clear that the mere filing of a lawsuit does not waive contractual arbitration rights. The presence or absence of prejudice from the litigation of the dispute is the determinative issue under federal law.[3] (*Merrill Lynch, Pierce, Fenner & Smith* v. *Lecopulos* (2d Cir. 1977) 553 F.2d 842, 845; *Demsey & Associates* v. *S.S. Sea Star* (2d Cir. 1972) 461 F.2d 1009, 1018; *Chatham Shipping Co.* v. *Fertex Steamship Corp.* (2d Cir. 1965) 352 F.2d 291, 293.)

---

[2]This view is consistent with the expressed view of the California Law Revision Commission. The commission, in its report on arbitration provisions, approved of then current case law finding waiver only *"if the arbitrable dispute is submitted to a court for decision* without contending that it should be arbitrated," citing *Case* v. *Kadota Fig Assn.* and *Trubowitch* v. *Riverbank Canning Co.* (Recommendation and Study Relating to Arbitration, 3 Cal. Law Revision Com. Rep. (1961) pp. G-5, G-36.)

[3]We do not preclude the possibility that a waiver could occur prior to a judgment on the merits if prejudice could be demonstrated. No prejudice is demonstrated in the instant case.

The analogy is significant inasmuch as the basis for the federal rule is the important national policy favoring arbitration. (*Carcich* v. *Rederi A/B Nordie* (2d Cir. 1968) 389 F.2d 692, 696; *Batson Y. & F. M. Gr., Inc.* v. *Saurer-Allma GMBH-Allgauer M.* (D.S.C. 1970) 311 F.Supp. 68, 73.) Similarly, the courts of this state have repeatedly articulated the "strong public policy in California favoring peaceful resolution of employment disputes by means of arbitration." (*Fire Fighters Union* v. *City of Vallejo* (1974) 12 Cal.3d 608, 622 [116 Cal.Rptr. 507, 526 P.2d 971]; *Posner* v. *Grunwald-Marx, Inc.* (1961) 56 Cal.2d 169, 180 [14 Cal.Rptr. 297, 363 P.2d 313].) Because arbitration is a highly favored means of settling such disputes, the courts have been admonished to "closely scrutinize any allegation of waiver of such favored right" (*Seidman & Seidman* v. *Wolfson, supra,* 50 Cal.App.3d 826, 835), and to "indulge every intendment to give effect to such proceedings" (*Pacific Inv. Co.* v. *Townsend* (1976) 58 Cal.App.3d 1, 9 [129 Cal.Rptr. 489]; *Lewsadder* v. *Mitchum, Jones & Templeton, Inc.* (1973) 36 Cal.App.3d 255, 259 [111 Cal.Rptr. 405].) Accordingly, in the face of conflicting authorities, we should endeavor to reach a result which comports with the "strong public policy" favoring arbitration.

Because we find that Doers did not waive his arbitration rights herein, it is unnecessary to consider appellants' contention that the Union was separately possessed of the right to demand arbitration on his behalf. (End of Court of Appeal opinion.)

The judgment is reversed.