131 Cal.Rptr.2d 443 (2003)
106 Cal.App.4th 1278
Malynda A. De GREZIA et al., Petitioners,
v.
The SUPERIOR COURT of Los Angeles County, Respondent.
Blue Cross of California, Real Party in Interest.
No. B157914.
Court of Appeal, Second District, Division Eight.
March 12, 2003.
Review Granted May 21, 2003.
Haight, Brown & Bonesteel, and Roy G. Weatherup and J. Alan Warfield, Los Angeles; and Marshack, Shulman, Hodges & Bastian and Ronald S. Hodges, Irvine, J. Ronald Ignatuk, Foothill Ranch, and Michael S. Kelly for Petitioners.
No appearance for Respondent.
Craig A. Laidig, Woodland Hills; and Musick, Peeler & Garrett, and Cheryl A. Orr, Los Angeles, for Real Party in Interest.
RUBIN, J.
Petitioners Malynda A. De Grezia, Alfonso G. De Grezia, and their minor children, Mia De Grezia, Isabella De Grezia, and Raquel De Grezia, seek a writ of mandate directing respondent Los Angeles Superior Court to vacate its order granting the motion filed by real party in interest Blue Cross of California to compel *444 arbitration. A writ shall issue directing the trial court to modify its order.

PROCEDURAL AND FACTUAL BACKGROUND
On January 1, 2001, Malynda De Grezia obtained a health insurance policy from real party in interest Blue Cross of California. Shortly after Blue Cross issued the policy, she became pregnant with triplets: the minor petitioners Mia, Isabella, and Raquel De Grezia. The girls were born 13 weeks premature in August 2001, weighing between one and two pounds each. Because of complications from their prematurity, they remained hospitalized until November 2001, and have to date incurred more than $1,000,000 in medical bills.
Within a day or two of giving birth, De Grezia asked Blue Cross to add her husband and her daughters to her health policy effective the day of the girls' birth, which Blue Cross did on September 10, 2001. One week later, however, Blue Cross sent her a letter rescinding the policy. Claiming she had not disclosed certain fertility problems in her insurance policy application, Blue Cross wrote it would not have issued the policy if it had it known about her problems. The letter stated, "Based on the medical history, you would not have been eligible for any of our medically underwritten plans. . . . [¶] Because of this omitted pre-existing medical history, your Blue Cross Agreement . . . will be retroactively canceled to the original effective date." (See Imperial Casualty & Indemnity Co. v. Sogomonian (1988) 198 Cal.App.3d 169,182, 243 Cal.Rptr. 639 [under insurance law, rescission is retroactive termination of policy resulting in no coverage or benefits; cancellation is prospective termination of policy].) Although De Grezia denied knowing of any infertility problems, Blue Cross nevertheless purported to completely unwind the policy. It stated its intention to refund all of her premiums minus whatever claims it had already paid, thus restoring Blue Cross and the De Grezias to their original positions. Its letter stated, "All suspended claims will be declined. All claims paid in error will be adjusted. A full dues refund, less paid claims will be processed."
The De Grezias sued Blue Cross for breach of contract and breach of the implied covenant of good faith and fair dealing. Relying on the insurance policy's arbitration clause, Blue Cross moved to compel arbitration. The clause stated "Any dispute or claim, of whatever nature, arising out of or related to this Plan, or breach or rescission thereof, must be resolved by arbitration. . . ." Blue Cross argued arbitration was available even though it had rescinded the policy because case law permitted arbitration when rescission was based on, as Blue Cross asserted here, fraud in the inducement of the contract. The court granted the motion to compel arbitration.
The De Grezias sought from us a writ of mandate directing the trial court to vacate its order. We issued a notice of intention to grant a peremptory writ in the first instance directing respondent court to vacate its order. We further directed that in the event respondent court elected not to vacate its order, Blue Cross was to file an opposition to the writ petition. Respondent court did not comply, and consequently Blue Cross filed an opposition. We thereafter set the matter for oral argument.

DISCUSSION
The parties devote most of their briefs to arguing whether Bertero v. Superior Court (1963) 216 Cal.App.2d 213, 30 Cal. Rptr. 719 (Bertero), controls the outcome of this proceeding. The De Grezias put *445 most of their eggs in Bertero's basket, presumably because Bertero's facts closely parallel the facts here. In Bertero, there was "an unqualified assertion by one party that the agreement is invalid; an action brought by the other party for a declaration that the contract is valid; and a subsequent demand by the former for arbitration under the agreement." (Id at p. 219, 30 Cal.Rptr. 719.) With such facts, Bertero held a rescinding party's repudiation of a contract waived that party's right to arbitration under the contract's arbitration clause. (Id. at pp. 221-222, 30 Cal.Rptr. 719.)
Blue Cross attacks Bertero on two fronts. First, it argues Bertero was wrongly decided because the right to compel arbitration survives a policy's rescission. According to Blue Cross, its unilateral disavowal of the insurance policy did not release the De Grezias from their policy obligations, which continued to bind them by stripping them of their constitutionally guaranteed right to a jury trial. Blue Cross thus seeks to be deemed a legal stranger to the De Grezias, owing them nothing, while demanding they forego an important right. Blue Cross cites no authority, however, for such a one-sided proposition, and we decline to establish such a rule here.
Blue Cross's second challenge to Bertero asserts later court decisions  for example, Rosenthal v. Great Western Fin. Securities Corp. (1996) 14 Cal.4th 394, 416-419, 58 Cal.Rptr.2d 875, 926 P.2d 1061, Britz, Inc. v. Alfa-Laval Food & Dairy Co. (1995) 34 Cal.App.4th 1085, 1094, 40 Cal. Rptr.2d 700, and Unionmutual Stock Life his. Co. v. Beneficial Life (1st Cir.1985) 774 F.2d 524, 528  implicitly overruled it by finding that California's arbitration law (Code Civ. Proc, § 1280 et seq.) and the Federal Arbitration Act (9 U.S.C. § 1 et seq.) permit arbitration of rescission claims. Blue Cross's reliance on such authority is misplaced in two respects. First, it establishes a proposition not in dispute: rescission claims are, in principle, arbitrable. But that proposition misses the mark because it arises from decisions where the party demanding arbitration accepted the underlying contract's continued validity and existence. For example, in Rosenthal v. Great Western Fin. Securities Corp., supra, 14 Cal.4th 394, 58 Cal. Rptr.2d 875, 926 P.2d 1061, a bank affiliate successfully demanded arbitration when its customers sued it. Unlike Blue Cross, however, the bank had not rescinded its contract with its customers; the plaintiffs, rather, contended the contract was induced by fraud and therefore its arbitration clause was unenforceable. (Id. at pp. 402-403, 58 Cal.Rptr.2d 875, 926 P.2d 1061.) The same result held in Britz, Inc. v. Alfa Laval-Food & Dairy Co., supra, 34 Cal.App.4th 1085, 40 Cal.Rptr.2d 700, where there was no suggestion that the party demanding arbitration had repudiated or rescinded the contract at issue in the lawsuit. (Id. at pp. 1090-1091, 40 Cal. Rptr.2d 700; see also Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc. v. 100 Oak Street (1983) 35 Cal.3d 312, 323, 197 Cal.Rptr. 581, 673 P.2d 251 [party alleging fraud in inducement rescinded agreement and opposed arbitration petition].) Finally, in Unionmutual Stock Life his. Co. v. Beneficial Life, supra, 774 F.2d 524, the rescinding party was also the party resisting arbitration. (Id. at p. 528.)[1]
Notwithstanding the parties' focus on Bertero and those later decisions interpreting the Federal Arbitration Act and *446 California arbitration law, the matter is not as complicated as their briefs suggest. To the contrary, this case lends itself to straightforward application of longstanding contract principles. (Accord Warren Guthrie v. Health Net (2000) 84 Cal. App.4th 804, 811, 101 Cal.Rptr.2d 260 [federal and state law require courts to put arbitration provisions on equal footing with ordinary contracts]; Blue Cross of California v. Superior Court (1998) 67 Cal. App.4th 42, 48-50, 78 Cal.Rptr.2d 779 [same].) We begin by noting that the insurance policy's arbitration provision assigned to the arbitrator the question of whether the policy was rescinded. The policy stated, "Any dispute or claim, of whatever nature, arising out of or related to this Plan, or breach or rescission thereof, must be resolved by arbitration. . . ." As our Supreme Court has made clear, such terms are enforceable even in the face of a contention that the entire contract was procured by fraud in the inducement. (See Rosenthal v. Great Western Fin. Securities Corp., supra, 14 Cal.4th 394, 415, 58 Cal.Rptr.2d 875, 926 P.2d 1061; see also Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc. v. 100 Oak Street, supra, 35 Cal.3d at p. 323, 197 Cal.Rptr. 581, 673 P.2d 251 [claim of fraud in the inducement that would result in rescinding contract is arbitrable].) This rule is consistent with United States Supreme Court interpretation of the Federal Arbitration Act. (See Prima Paint v. Flood & Conklin (1967) 388 U.S. 395, 404, 87 S.Ct. 1801, 18 L.Ed.2d 1270.) Based on the policy's language, we find respondent court correctly ordered, at least as an initial matter, the parties to arbitration.
We further find, however, that contract law requires the following modifications to the court's order. After the matter goes to arbitration, the arbitrator must first determine as a threshold matter whether Blue Cross rescinded the policy. If the arbitrator concludes Blue Cross did not rescind the policy, then arbitration on the merits may, in keeping with the policy's contractual terms, proceed; we note, however, that any such conclusion by the arbitrator would seemingly fly in the face of Blue Cross's insistence that it has rescinded the policy. If, as we anticipate, the arbitrator concludes that Blue Cross rescinded the policy, then the arbitrator must decline the matter and return it to respondent court, for without a contract the arbitrator has no authority to act because the arbitration provision evaporated along with the rest of the contract.[2] "[U]nder well settled principles a contract entered into [as Blue Cross contends] by reason of fraud . . . may be rescinded by the injured party. However, it is axiomatic that in such an instance the entitled party must rescind the entire contract and may not retain the rights under it which he deems desirable and repudiate the remainder [citation]." (Yeng Sue Chow v. Levi Strauss & Co. (1975) 49 Cal.App.3d 315, 326, 122 Cal.Rptr. 816, italics original; see also Seidman & Seidman v. Wolfson (1975) 50 Cal.App.3d 826, 836, 123 Cal. Rptr. 873 [party that repudiates arbitration agreement cannot rely on arbitration unless it retracts repudiation]; B.L. Metcalf General Contractor, Inc. v. Earl Erne, Inc. (1963) 212 Cal.App.2d 689, 693, 28 Cal.Rptr. 382 ["It is true that if a contract which contains provision for arbitration has been entirely rescinded or abandoned the provision for arbitration ceases to exist."].) Returning the matter to respondent court for litigation harmonizes the parties' positions and honors their competing views of the contract's disputed existence: Having rescinded the policy, Blue Cross cannot *447 pick and choose those contractual provisions it favors, such as arbitration, because there is no contract from which to pluck any terms; the De Grezias, who on the other hand claim the policy is enforceable, are then free to exercise their statutory and common law right to waive the arbitration provision  which they plainly intend to do here  and pursue their claims in court. (See Code Civ. Proc., § 1281.2, subd. (a) [party permitted to waive contractual right to arbitrate]; Chase v. Blue Cross of California (1996) 42 Cal.App.4th 1142, 1151, 50 Cal.Rptr.2d 178 ["As with any other contractual right, the right to arbitration may be waived."]; compare with Celtic Life Ins. Co. v. McLendon (Ala. 2001) 814 So.2d 222, 225-226 [policyholder sued insurer who rescinded contract; policyholder refused insurer's arbitration demand; court compelled arbitration because policyholder cannot "pick and choose" those contract provisions it will honor when seeking to enforce policy].)[3]
Seidman & Seidman v. Wolfson, supra, 50 Cal.App.3d at pages 836-837, 123 Cal. Rptr. 873, does not compel a different result. There, the party demanding arbitration filed suit at the same time, seeking, among other things, declaratory relief of its entitlement to rescission. The arbitration clause at issue stated that the commencement of judicial proceedings did not waive the right to arbitrate. Relying on that express contractual language, the Seidman & Seidman court correctly found the arbitration clause survived and correctly distinguished Bertero, which involved an unqualified repudiation of the parties' contract. To the extent the decision stands, however, for the proposition that a party who rescinds a contract with an arbitration clause may nevertheless later demand arbitration, we respectfully disagree.[4]

DISPOSITION
Let a writ of mandate issue directing respondent court to vacate its order compelling arbitration. Respondent court shall instead issue a new order initially referring to arbitration only the question of Blue Cross's purported rescission of the insurance policy. Respondent court's order shall further direct the arbitrator to proceed with the arbitration on the merits if the arbitrator finds no rescission, but to decline to proceed with arbitration, and to return the matter to respondent court, if the arbitrator finds rescission. Petitioners are entitled to recover costs in this proceeding.
We concur: COOPER, P.J, and BOLAND, J.
NOTES
[1] The relationship between a party's purported repudiation or rescission of a contract and its right to compel arbitration under that contract is currently before our Supreme Court. (St. Agnes Medical Center v. PacifiCare, No. S111323, Jan. 22, 2003.)
[2] Blue Cross acknowledged at oral argument that it had rescinded the agreement, a position it also took in the trial court when it moved to compel arbitration.
[3] Blue Cross relies on a number of out of state cases. To the extent they support Blue Cross's position here, we respectfully disagree with those courts.
[4] The description of the pleadings by the appellate court does not clearly reveal whether the plaintiff there had rescinded the contract or was merely seeking a judicial determination of its right to rescind.