Filed 12/19/13  Smith v. Wagner CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| KENT SMITH,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>LINDSAY WAGNER et al.,<br><br>    Defendants and Respondents. | B245821<br><br>(Los Angeles County<br> Super. Ct. No. BC415899) |

APPEAL from an order of the Superior Court for Los Angeles County, John Kralik, Judge.  Affirmed.

Law Offices of Armen M. Tashjian and Armen M. Tashjian for Plaintiff and Appellant.

Mark R. Weiner & Associates and Kathryn Albarian for Defendants and Respondents.

Plaintiff Kent Smith appeals from an order taxing costs he claimed under Code of Civil Procedure[1] section 998 after he obtained a judgment against defendants Lindsay Wagner, Regina Samsel, and Lindlear Corporation in an amount that exceeded a section 998 offer to compromise he served on Wagner and Samsel, which they did not accept.  We affirm the order.

## BACKGROUND

Smith was injured when a vehicle owned by Wagner and driven by Samsel collided with the vehicle Smith was in.  Smith filed a Judicial Council of California form complaint against Wagner and Samsel, alleging two causes of action.  In the first cause of action, labeled "Motor Vehicle," Smith alleged that the accident took place on September 24, 2008, that Samsel operated the vehicle, and that Wagner owned the vehicle.  The complaint also alleged that Does 1 to 25 employed Samsel (who operated the vehicle in the course of her employment), entrusted the vehicle to her, and were the agents and employees of Wagner and Samsel acting within the scope of the agency.  In the second cause of action, labeled "General Negligence," Smith alleged that Wagner, Samsel, and Does 1 to 25, negligently entrusted, managed, maintained, drove and operated the vehicle so as to proximately cause the vehicle to collide with Smith's vehicle, causing injury and damages to Smith.

Wagner and Samsel, jointly represented by counsel from State Farm Mutual Automobile Insurance Company, filed an answer to the complaint, generally denying the allegations of the complaint and asserting three affirmative defenses: failure to state a cause of action, comparative negligence, and unreasonable medical treatment.

---

[1]     Further undesignated statutory references are to the Code of Civil Procedure.

2

Several months later, in March 2010, Smith served a section 998 offer to compromise on Wagner and Samsel. Smith offered to allow judgment to be taken in favor Smith and against Wagner and Samsel in the amount of $100,000, which would include Smith's costs, subject to certain conditions. One of those conditions was that payment of that sum by either defendant would release the remaining defendant. The offer, however, required acceptance by both Wagner and Samsel. The offer was not accepted, and two months later Wagner and Samsel served on Smith a joint section 998 offer to compromise for $32,000 plus costs in exchange for a release and dismissal of the complaint. Wagner and Samsel subsequently made another section 998 offer, increasing the amount offered to $36,760.

More than a year after Smith served his section 998 offer, he moved to amend the complaint to add Lindlear Corporation as a defendant and to allege that Samsel was employed by Wagner and Lindlear when she operated the vehicle in the course of her employment. Smith explained in his motion that at the time he filed the original complaint, Smith did not know that Samsel was employed by Wagner and Wagner's company, Lindlear Corporation, and that she drove the vehicle in the course and scope of that employment. In support of the motion to amend, Smith's attorney filed a declaration stating that Smith first learned of the facts giving rise to the amendments during a conversation one of his attorneys had with counsel for defendants two months earlier.[2] He declared he did not move to amend sooner because "he was unaware of the fact that State Farm was alleging coverage issues due to the Complaint's silence on the Respondeat Superior Theory." The trial court granted Smith's motion to amend on September 9, 2011.

---

[2] We note that in opposition to Smith's motion to amend the complaint, counsel for Wagner and Samsel filed a declaration stating that Samsel had served responses to Smith's form interrogatories in September 2009, in which she stated that she was acting as agent or employee for Lindlear Corporation at the time of the incident.

3

The case went to trial on April 30, 2012, and the jury found that Samsel was an employee of Lindlear Corporation and Wagner, and that Samsel's negligence was a substantial factor in causing harm to Smith. The jury found that Smith suffered damages in the amount of $353,800 (which included $120,200 in past and future economic loss), but that Smith was negligent and was responsible for 30 percent of the harm he suffered. Accordingly, the trial court entered judgment in favor of Smith and against Wagner, Samsel, and Lindlear Corporation in the amount of $247,660, plus costs.

Following entry of judgment, Smith filed a memorandum of costs seeking, among other costs, $18,150 in expert witness fees and $56,111.95 in prejudgment interest under section 998. Defendants moved to tax costs, challenging the expert witness fees and prejudgment interest on the ground that Smith's section 998 offer was not valid because it was made jointly to Wagner and Samsel without apportionment, and no offer was made to Lindlear Corporation. The trial court agreed, and taxed those costs. Smith timely filed a notice of appeal from the order taxing those costs.

**DISCUSSION**

On appeal, Smith contends the trial court erred in finding that his section 998 offer was not valid and denying him recovery of his expert witness costs and prejudgment interest. We disagree.

"Section 998 provides for a reallocation of allowable costs when a party rejects an offer to compromise, and the offering party subsequently obtains a more favorable judgment." (*Steinfeld v. Foote-Goldman Proctologic Medical Group, Inc.* (1996) 50 Cal.App.4th 1542, 1546.) Under subdivision (d) of that section, if a defendant rejects an offer and fails to obtain a more favorable judgment, the court, in its discretion, may require the defendant to pay a reasonable sum to cover the

4

plaintiff's postoffer costs for the services of expert witnesses, in addition to the plaintiff's other costs. Under Civil Code section 3291, a defendant who rejects a section 998 offer but fails to obtain a more favorable judgment also must pay prejudgment interest from the date of the offer.

"'The purpose of section 998 is to encourage the settlement of lawsuits before trial by penalizing a party who fails to accept a reasonable offer from the other party.'" (*Burch v. Children's Hospital of Orange County Thrift Stores, Inc.* (2003) 109 Cal.App.4th 537, 544 (*Burch*), quoting *Taing v. Johnson Scaffolding Co.* (1992) 9 Cal.App.4th 579, 583.) Nevertheless, the burden of demonstrating that the offer was valid under section 998 is on the offering party, and the offer is strictly construed in favor of the party sought to be subjected to its operation. (*Burch*, *supra*, 109 Cal.App.4th at p. 543, citing *Barella v. Exchange Bank* (2000) 84 Cal.App.4th 793, 799.) On appeal, where the facts relating to the offer are undisputed, we review de novo the trial court's ruling denying an award of prejudgment interest and expert witness costs. (*Burch*, *supra*, 109 Cal.App.4th at p. 543, citing *Barella v. Exchange Bank*, *supra*, 84 Cal.App.4th at p. 797.)

In this case, Smith made a single offer to two defendants, Wagner and Samsel (the only named defendants at the time of the offer). "In general, 'a section 998 offer made to multiple parties is valid only if it is expressly apportioned among them and not conditioned on acceptance by all of them. [Citations.] A single, lump sum offer to multiple plaintiffs which required them to agree to apportionment among themselves is not valid. [Citation.] Likewise, a lump sum offer by a plaintiff to multiple defendants may be invalid for the same reasons.' [Citation.]" (*Burch*, *supra*, 109 Cal.App.4th at p. 544.) In *Burch*, the appellate court examined three cases involving nonapportioned offers to multiple defendants, and provided the following summary of their holdings: "'[A] plaintiff who makes a § 998 offer to joint defendants having *potentially varying liability*

5

must specify the amount plaintiff seeks from *each defendant*. Otherwise, there is no way to determine whether a subsequent judgment against a particular nonsettling defendant is "more favorable" than the offer.' [Citation.] 'Thus, a lump-sum settlement offer made to several defendants whose liability may be apportioned (i.e., *not* jointly liable) must state [plaintiff's] position as to each defendant's share or percentage of the settlement demand.' [Citation.]" (*Burch*, *supra*, 109 Cal.App.4th at p. 547.)

In *Burch*, the plaintiff was a victim of personal injuries resulting from the collision of her car with a truck driven by an employee of one defendant. The employee was acting in the course and scope of his employment at the time of the accident. The employer leased the truck from a second defendant. The plaintiff served an unapportioned section 998 offer to all defendants, who did not accept the offer, and the jury awarded damages in excess of the amount of the offer. (*Burch*, *supra*, 109 Cal.App.4th at p. 540.) The appellate court concluded that the unapportioned offer was not valid under section 998 because at the time the offer was made (which was before the parties stipulated to joint and several liability), the complaint alleged several theories of negligence against each defendant, and under some of those theories all of the defendants would not be jointly and severally liable for the full amount of the judgment. (*Id.* at pp. 549-551.) As an example, the court noted that under the allegations of the complaint, the owner of the truck that collided with plaintiff's car could be found liable based only on its role as owner, in which case that defendant's liability would have been limited under Vehicle Code section 17151 to $15,000 per injury, $30,000 per occurrence, and $5,000 for property damages. (*Id.* at p. 550, citing Veh. Code, § 17151, subd. (a).)

In this case, Smith argues his section 998 offer was not required to be apportioned between Wagner and Samsel because, by the time of the offer,

Wagner had admitted in response to discovery requests that Samsel was employed by Wagner and was acting in the course and scope of her employment while driving Wagner's vehicle; therefore, Smith contends Wagner and Samsel were jointly liable for Smith's damages.  There are two problems with Smith's argument.  First, Wagner's responses to discovery are not properly part of the record on appeal because they were not before the trial court.[3]  (*Doers v. Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 184, fn. 1.)  Second, and more importantly, at the time of Smith's section 998 offer, the complaint did not allege that Samsel was Wagner's employee.  Instead, it alleged that Samsel was employed by Does 1 through 25.

It does not matter, for purposes of determining the validity of Smith's offer, that the complaint was subsequently amended to allege that Samsel was in Wagner's employ at the time of the accident.  The validity of a section 998 offer must be determined as of the date it was served.  (*Burch*, *supra*, 109 Cal.App.4th at pp. 547-548.)  At the time the offer at issue here was served, the complaint alleged a theory of negligence under which Wagner could have been found liable only as the owner of the car Samsel was driving, which would have limited her liability for Smith's injuries to $15,000.  Therefore, the trial court properly found that Smith was not entitled to recover his expert witness costs or prejudgment interest because his unapportioned section 998 offer was not valid.

---

[3]    Smith also includes in his appellant's appendix discovery responses by defendants that were served after the section 998 offer at issue was made.  In their respondents' brief, defendants object to the inclusion of all of the discovery responses, and move to strike them from the appellate record.  (Citing Cal. Rules of Court, rule 8.124(g) and *The Termo Co. v. Luther* (2008) 169 Cal.App.4th 394, 404.)  We grant that request.

**DISPOSITION**

The order is affirmed.  Respondents shall recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.


We concur:



EPSTEIN, P. J.




MANELLA, J.