**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

FEB 01 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VALERIE BEIDLER,<br><br>        Petitioner - Appellant,<br><br>  v.<br><br>GWENDOLYN MITCHELL, Warden; et al.,<br><br>        Respondents - Appellees. | No. 08-56467<br><br>D.C. No. 3:05-cv-01384-DMS-CAB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted December 6, 2010
Pasadena, California

Before: B. FLETCHER, BERZON, and CALLAHAN, Circuit Judges.

Valerie Beidler was charged in state court with committing murder and related crimes. During jury selection, the prosecutor excused the only two African-American prospective jurors, and then excused the only African-American prospective alternate juror. Defense counsel objected that the prospective alternate

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

was struck for racial reasons, but after conducting a *Batson* inquiry, the trial judge

determined that this was not so.  Beidler was tried and convicted, and after several

state court appeals and petitions, she filed a habeas petition in the district court

pursuant to 28 U.S.C. § 2254.  The district court denied the petition, and we

granted a Certificate of Appealability on the issue of "whether the district court

properly denied Beidler's *Batson* claim, as to juror numbers 12 and 69, as waived."

ER 1.  We affirm the district court's denial of habeas relief.[1]

> The Supreme Court has explained:

> In all cases in which a state prisoner has defaulted his federal claims
> in state court pursuant to an independent and adequate state
> procedural rule, federal habeas review of the claims is barred unless
> the prisoner can demonstrate cause for the default and actual prejudice
> as a result of the alleged violation of federal law, or demonstrate that
> failure to consider the claims will result in a fundamental miscarriage
> of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

> Here, when rejecting Beidler's arguments regarding the peremptory strikes

of Juror Nos. 12 and 69, the California Court of Appeals stated:

> On this record, the question is not whether defense counsel *timely*
> objected to the prosecutor's challenges to juror nos. 12 and 69, it is
> whether his comments can reasonably be construed as an objection at
> all.  We do not read counsel's statements as an objection to the

---

[1]  Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

2

prosecutor's peremptory challenges to those jurors; indeed, counsel admitted he had earlier failed to object to the challenges and he did not make any corresponding attempt to cure his perceived failure. There being no objection, the trial court was not required to assess whether counsel stated a prima facie case of discrimination, or ask the prosecutor to provide any justification for his challenges to those jurors. By failing to raise an objection to those challenges before the trial court, [Beidler and her co-defendant] waived the claim for appeal. (*People v. Anderson* (2001) 25 Cal. 4th 543, 568, citing *People v. Bolin* (1998) 18 Cal. 4th 297, 316, and *People v. Montiel* (1993) 5 Cal. 4th 877, 909.)

ER 183 (emphasis in original).[2]

We read this statement as the invocation of an independent and adequate California state procedural rule that objections not made in the trial court are considered waived, and cannot be raised on appeal. *See, e.g.*, *Doers v. Golden Gate Bridge, Hwy. & Transp. Dist.,* 588 P.2d 1261, 1263, n.1 (Cal. 1979) (noting that "[a]n appellate court will ordinarily not consider procedural defects or erroneous rulings, in connection with relief sought or defenses asserted, where an

---

[2] The Court of Appeal also stated:

Anticipating a claim for ineffective assistance of counsel on this ground, we observe based on the questionnaires submitted by a juror nos. 12 and 69 the prosecutor had ample non-discriminatory reasons for their excuse. Thus, were we to address the question we would conclude Gerardo's counsel was not ineffective for failing to make a meritless objection to those challenges.

ER 183, n.7.

3

objection could have been but was not presented to the lower court by some appropriate method . . . .") (internal quotations omitted). Accordingly, to obtain habeas relief in a federal court, Beidler must show "cause" to excuse her default in state court, and actual "prejudice" as a result of the alleged violation of federal law, or she must demonstrate that failure to consider the claims would result in a "fundamental miscarriage of justice." *See Coleman*, 501 U.S. at 750.

Beidler has not shown "cause," "prejudice," or a "fundamental miscarriage of justice." Beidler argues "cause" based on her trial counsel's ineffectiveness in failing to object to the prosecutor's peremptory strikes of Juror Nos. 12 and 69.[3] As she failed to present this "ineffective assistance of counsel" argument to the district court, however, we will not consider it on appeal. *See Belgarde v.*

---

[3] The California Court of Appeal's conclusion that counsel failed to object to the strikes of Juror Nos. 12 and 69 is supported by the record. Although counsel *referenced* Juror Nos. 12 and 69 in his objection to the strike of Juror No. 7, at no point did counsel actually *extend* his objection to *apply* to Juror Nos. 12 and 69. The most that he said in this regard was "perhaps there should have been a *Batson* objection" as to Juror Nos. 12 and 69. Even when the trial judge made clear that counsel's objection was being considered as an objection to the strike of Juror No. 7 only, and conducted a *Batson* inquiry limited to Juror No. 7, counsel did not suggest that his objection applied to the strikes of Juror Nos. 12 and 69.

*Montana*, 123 F.3d 1210, 1216 (9th Cir. 1997).[4]  Beidler's contention of "prejudice" is belied by a record that suggests that the prosecutor had valid, non-discriminatory reasons for striking Jurors Nos. 12 and 69.[5]  Beidler has also failed to demonstrate a "fundamental miscarriage of justice" because she makes no claim of actual innocence.  *See Schlup v. Delo*, 513 U.S. 298, 321 (1995).  Moreover, there appears to have been more than sufficient evidence to convict Beidler.  Under these circumstances, there is no ground for relieving Beidler from the consequences of failing to challenge in state court the prosecutor's striking of Juror Nos. 12 and 69.

For these reasons, the district court's denial of Beidler's petition is AFFIRMED.

---

[4]  At the very least, Beidler had to have known of a possible claim for ineffective assistance of trial counsel by the time of the Court of Appeal's opinion, which mentioned that claim.  Nonetheless, she never raised such a claim in any of her subsequent state court filings or in the district court, and does not allege that there was anything preventing her from doing so.

[5]  Juror No. 12 commented that seeing graphic photos of the murder victim would "terrif[y]" her, and that she did not know if she could "deal with" such photos.  She also expressed extreme ambivalence about whether she was willing to serve as a juror on Beidler's case.  Juror No. 69 had a significant history of unpleasant run-ins with the law and had received discipline from the military.