Filed 1/4/21  KJ Investment Group v. American Heritage College CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| KJ INVESTMENT GROUP LLC, | |
| Plaintiff and Respondent, | G058647 |
| v. | (Super. Ct. No. 30-2018-00989692) |
| AMERICAN HERITAGE COLLEGE LLC et. al., | O P I N I O N |
| Defendants and Appellants. | |

Appeal from an order of the Superior Court of Orange County, Richard Y. Lee, Judge.  Affirmed.  Appellants' requests for judicial notice are denied.

Kenney & Kropff and David E. Kenney for Defendants and Appellants.

Fox Rothschild, Mitchell S. Kim and Joseph A. Ungaro II for Plaintiff and Respondent.

\*          \*          \*

The is the second appeal by Chanh Huu Nguyen and American Heritage College (collectively AHC) arising out of the lawsuit filed against them by KJ Investment Group, LLC, for damages related to a breach of the parties' lease agreement. In the first appeal, AHC challenged the merits of the judgment entered in favor of KJ Investment, and we affirmed the judgment. (*KJ Investment Group LLC v. American Heritage College LLC et al.* (Oct. 1, 2020, G058270) [nonpub. opn.].)

The purpose of this appeal is unclear because, while the notice of appeal references only the posttrial order awarding attorney fees to KJ Investment, AHC's opening brief focuses primarily on arguing again the merits of the judgment. Indeed, AHC claims the "focal issue on appeal" is that it was "severely prejudic[ed]" in its effort to "obtain[] an accurate and truthful recitation and rendition of facts on the critical question [of] who had the financial responsibility to execute and to pay for improvements inside the [leased] premises . . . ." Consistent with this approach, AHC filed two requests for judicial notice of documents it contends cast doubt on the merits of the judgment.

Because the merits of the judgment cannot be reargued in this second appeal—and the record provided would be woefully inadequate for that purpose—we disregard those arguments and deny both requests for judicial notice.[1]

AHC does make one brief contention relating to the issue of fees and costs. It asserts that "[n]o fees or costs should be awarded" to KJ Investment because the purportedly inaccurate testimony of its principal at trial is somehow attributable to its counsel, who has an ethical duty not to mislead the court. That claim was not asserted in

---

[1]     Even if this were the initial appeal from the judgment, we would deny the requests because an appeal is not an opportunity to retry a case based on evidence not presented in the trial court. (*Vons Companies, Inc. v. Seabest Foods, Inc*. (1996) 14 Cal.4th 434, 444, fn. 3 ["[r]eviewing courts generally do not take judicial notice of evidence not presented to the trial court"].)

2

the trial court; nor was it supported by either analysis or legal authority in AHC's opening brief. It is consequently waived.

## FACTS

Our record includes neither the operative complaint, the judgment, nor any record of the trial. Instead, it begins with KJ Investment's motion for attorney fees and costs filed in August 2019. The motion sought an award of nearly $145,000 in contractual fees (including a lodestar multiplier of 1.5), plus nearly $11,000 in other court costs.

The motion explains that the litigation arose out of a commercial lease dispute, and the lease included an attorney fees clause. Based on that clause, KJ Investment sought an award of fees pursuant to Code of Civil Procedure section 1033.5 and Civil Code section 1717.

AHC's opposition brief was almost entirely comprised of a detailed rendition of facts supporting its view of the merits, plus a lengthy procedural summary of the litigation. With respect to the attorney fees issue, it contended only that attorney fees must be reasonable, and suggested the case was over-litigated by KJ Investment. AHC also asserted, without explanation or evidence, that KJ Investment's counsel "redacted the bills to conceal and suppress subjects which, upon review, or scrutiny, would reveal [KJ Investment's] concerns and confidences related to the forthright presentation of the case." It cited no legal authorities.

The trial court granted the motion for attorney fees, but rejected KJ Investment's request for a lodestar multiplier. The court also declined to award fees for time spent on the case by anyone other than the two attorneys most directly involved. The court then calculated how many hours each of those attorneys reasonably spent on the case and multiplied those numbers by the attorney's respective rates. Based on that analysis, the court awarded $80,411.50 in attorney fees.

3

## DISCUSSION

AHC asserts that "[n]o fees or costs should be awarded" to KJ Investment because the purportedly inaccurate testimony of its principal at trial is somehow attributable to its counsel, and Business and Professions Code section 6068 imposes a duty on attorneys "'never to seek to mislead the court or any judicial officer by an artifice or false statement of fact or law.'" That contention is unsupported by any evidence suggesting that opposing counsel sought to mislead the court through false statements of fact. Indeed, AHC forfeited that factual contention by failing to assert it below.[2] (*Doers v. Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 184-185, fn. 1 ["'An appellate court will ordinarily not consider procedural defects or erroneous rulings, in connection with relief sought or defenses asserted, where an objection could have been but was not presented to the lower court by some appropriate method'"].)

The contention is also unsupported by any analysis or authority suggesting that Business and Professions Code section 6068 might provide a basis for denying an award of contractual attorney fees to *a party* pursuant to Civil Code section 1717. AHC's failure to support its argument with either analysis or legal authority constitutes a waiver of the contention on appeal. (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277 ["'When an appellant raises an issue "but fails to support it with reasoned argument and citations to authority, we treat the point as waived"'"]; see also *Public Employment Relations Bd. v. Bellflower Unified School Dist.* (2018) 29 Cal.App.5th 927, 939 ["'"[w]e are not bound to develop appellants' arguments for them"'"]; *Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52 ["[w]hen legal argument with citation to

---

[2] In its opposition to the motion, AHC claimed that "[p]laintiff's counsel, from defendant's counsel's perspective, spent more time avoiding and concealing the truth rather than sharing all relevant facts with the court involving the relationships between individuals and KJ Investment Group . . . ." That conclusory assertion falls far short of a claim that KJ Investment's counsel made a "false statement of fact" in an attempt to mislead the court.

authority is not furnished on a particular point, we may treat the point as forfeited and pass it without consideration"].)

In any event, even if the contention were not waived—twice—it would fail because it asks us to presume the trial court was misled by false evidence into rendering a mistaken judgment in favor of KJ Investment. On appeal, we must indulge our presumptions in favor of the judgment rendered. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d. 1130, 1133 ["A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness"].) We cannot second-guess the trial court's evaluation of the evidence that was before it, or the weight it chooses to give to that evidence. (*People v. Hovarter* (2008) 44 Cal.4th 983, 996 ["'it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts on which that determination depends'"].)

Based on the foregoing, we affirm the trial court's order awarding attorney fees to KJ Investment.

## DISPOSITION

The order is affirmed. KJ Investment is to recover its costs on appeal.


GOETHALS, J.

WE CONCUR:


ARONSON, ACTING P. J.


IKOLA, J.

5