Filed 7/28/22  Cal. State Labor Commissioner v. Everlasting Gifts CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| CALIFORNIA STATE LABOR COMMISSIONER, | |
| Plaintiff and Respondent, | C090911 |
| v. | (Super. Ct. No. SCV43182) |
| EVERLASTING GIFTS, INC., et al., | |
| Defendants and Appellants. | |

The California State Labor Commissioner filed an action against Everlasting Gifts, Inc., alleging Everlasting Gifts committed unlawful retaliation when it filed a trade secrets complaint against one of its former employees.  Everlasting Gifts responded with a special motion to strike the complaint as a Strategic Lawsuit Against Public Participation under Code of Civil Procedure, section 425.16 (the anti-SLAPP motion).[1] The trial court denied the anti-SLAPP motion, and Everlasting Gifts now appeals that denial.

Everlasting Gifts contends the trial court erred by (1) finding that the Labor Commissioner successfully carried its burden of establishing a probability of prevailing on the merits, (2) concluding that the anti-SLAPP statute does not apply to an owner of Everlasting Gifts because the owner is not a party to the trade secrets action and,

---

[1]  Undesignated statutory references are to the Code of Civil Procedure.

1

therefore, did not engage in protected activity, and (3) declining to consider evidence provided by Everlasting Gifts.

Finding no error, we will affirm the trial court's order.

BACKGROUND

A

Section 425.16 provides that "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).) This statute "sets out a procedure for striking complaints in harassing lawsuits that are commonly known as SLAPP suits . . . , which are brought to challenge the exercise of constitutionally protected free speech rights." (*Kibler v. Northern Inyo County Local Hospital Dist.* (2006) 39 Cal.4th 192, 196.)

When a defendant files an anti-SLAPP motion, the trial court engages in a two-step analysis. First, the trial court considers whether the defendant has established that the gravamen of the complaint challenges activity protected by section 425.16. If the defendant establishes that the complaint relates to protected activity, the trial court must determine whether the plaintiff can satisfy the burden of showing that there is a probability of success on the merits. (*Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 788 (*Monster Energy*).)

We apply the independent standard of review to the trial court's ruling on the anti-SLAPP motion. (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 325.)

B

Defendant Everlasting Gifts is a corporation that owns a retail store selling stone and crystal items, jewelry, candles, statuary, and aromatherapy products. Defendant Kuljit Rajania is an officer and owner of Everlasting Gifts. We will refer to defendants

2

collectively as Everlasting Gifts except when differentiation is necessary. Michelle Eckhardt was an employee and store manager of Everlasting Gifts.

In January 2017, Eckhardt took two days of sick leave. Everlasting Gifts, through Rajania, terminated Eckhardt's employment when she returned to work, then modified the termination to a demotion. Later that month, Eckhardt gave two-weeks' notice of resignation, but Rajania terminated her again before the two weeks expired.

Eckhardt filed a retaliation complaint with the Labor Commissioner, and Rajania acknowledged that Eckhardt was terminated for using sick leave. On April 10, 2018, the Labor Commissioner issued to Everlasting Gifts a notice of unlawful retaliation, directing Everlasting Gifts to pay wages and penalties.

Two months after the Labor Commissioner's retaliation determination and notice, Everlasting Gifts filed an action against Eckhardt alleging breach of fiduciary duty, intentional interference with economic advantage, unfair competition, and misappropriation of trade secrets. The complaint sought damages and injunctive relief. The parties refer to the action as the Trade Secrets Lawsuit and we will do the same. In the complaint, Everlasting Gifts alleged Eckhardt misappropriated trade secrets from Everlasting Gifts and used them to open a competing retail business, Aries Alchemy & Artifacts. According to the complaint, Eckhardt acquired confidential proprietary information and used that information to start her competing business.

Eckhardt reported the Trade Secrets Lawsuit to the Labor Commissioner. After review of the Trade Secrets Lawsuit, the Labor Commissioner decided the action was meritless and constituted continuing retaliation against Eckhardt. The Labor Commissioner therefore sued Everlasting Gifts and Rajania, alleging Labor Code violations and seeking statutory damages and other relief. The complaint alleged Eckhardt did not misappropriate trade secrets and did not solicit any of the customers of Everlasting Gifts and Rajania. Further, the complaint alleged that Everlasting Gifts and

3

Rajania filed the Trade Secrets Lawsuit in retaliation against Eckhardt for Eckhardt's report to the Labor Commissioner of the earlier retaliation. This is the instant action.

Everlasting Gifts and Rajania filed a special motion to strike the Labor Commissioner's complaint under section 425.16. They asserted this action is an improper attempt to chill their protected activity, which was the filing of the Trade Secrets Lawsuit to redress a grievance.

The trial court denied the anti-SLAPP motion. It concluded Rajania is not entitled to relief under the anti-SLAPP statute because she is not a plaintiff in the Trade Secrets Lawsuit -- in other words, she did not engage in protected petitioning activity. It further concluded that, although Everlasting Gifts' filing of the Trade Secrets Lawsuit was protected petitioning activity, the Labor Commissioner demonstrated a likelihood of prevailing on the merits.

Everlasting Gifts and Rajania filed a notice of appeal from the order denying the anti-SLAPP motion.[2] (§ 425.16, subd. (i).)

DISCUSSION

I

Everlasting Gifts contends the trial court erred in finding that the Labor Commissioner successfully carried its burden of establishing a probability of prevailing on the merits.

---

[2] On June 11, 2021, the Labor Commissioner filed a request for judicial notice. The request includes legislative history of three bills and a mandatory settlement conference statement filed in the Trade Secrets Lawsuit after the anti-SLAPP motion in this action was denied. We deny the request for judicial notice in its entirety. The legislative histories are not germane to the dispositive issues in this appeal (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 422, fn. 2), and the mandatory settlement conference statement was not before the trial court when it denied the anti-SLAPP motion (*Doers v. Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 184, fn. 1).

4

Because Everlasting Gifts established that the causes of action arose from its petitioning activity, the burden shifted to the Labor Commissioner to establish a probability of prevailing on the merits. (*Monster Energy, supra*, 7 Cal.5th at p. 788.) The California Supreme Court has described " 'this second step as a "summary-judgment-like procedure." [Citation.] The court does not weigh evidence or resolve conflicting factual claims. Its inquiry is limited to whether the plaintiff has stated a legally sufficient claim and made a prima facie factual showing sufficient to sustain a favorable judgment. It accepts the plaintiff's evidence as true, and evaluates the defendant's showing only to determine if it defeats the plaintiff's claim as a matter of law. [Citation.] "[C]laims with the requisite minimal merit may proceed." ' [Citation.] . . . As to the second step, a plaintiff seeking to demonstrate the merit of the claim 'may not rely solely on its complaint, even if verified; instead, its proof must be made upon competent admissible evidence.' [Citations.]" (*Ibid.*)

If the plaintiff makes a prima facie showing of minimal merit based on the evidence submitted by the plaintiff, the trial court turns to the evidence submitted by the defendant. However, the purpose of considering the defendant's evidence is only to determine whether the defendant's evidence defeats the plaintiff's showing as a matter of law, construing the evidence in favor of the plaintiff, including in matters of conflicting evidence and credibility. (*Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 891 (*Wilson*).)

The Labor Commissioner's claim against Everlasting Gifts is for retaliation. To establish retaliation under the Labor Code, the Labor Commissioner "must show (1) [the employee] engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action. [Citations.] Once an employee [or Labor Commissioner] establishes a prima facie case, the employer is required to offer a legitimate, nonretaliatory reason for the adverse employment action. [Citation.] If the

5

employer produces a legitimate reason for the adverse employment action, the presumption of retaliation ' " 'drops out of the picture,' " ' and the burden shifts back to the employee [or Labor Commissioner] to prove intentional retaliation." (*Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1042 (*Yanowitz*).)

The Labor Commissioner produced evidence that Eckhardt engaged in protected activities, which Everlasting Gifts does not dispute. Those activities included taking sick leave and filing her retaliation claim with the Labor Commissioner. After Everlasting Gifts received notice of the Labor Commissioner's determination that Everlasting Gifts had retaliated against Eckhardt, Everlasting Gifts filed the Trade Secrets Lawsuit. A finder of fact could reasonably infer from the timing of the Trade Secrets Lawsuit that Everlasting Gifts filed the Trade Secrets Lawsuit in retaliation for Eckhardt's protected activities. (*Scotch v. Art Institute of California* (2009) 173 Cal.App.4th 986, 1020.) Thus, the Labor Commissioner made a prima facie showing of retaliation.

As noted, in retaliation litigation, the plaintiff establishes a rebuttable presumption of retaliation if a prima facie showing is made, but a defendant can rebut the presumption by producing a legitimate reason for the adverse action. (*Yanowitz, supra*, 36 Cal.4th at p. 1042.) In the context of an anti-SLAPP motion, however, the defendant's evidence of a legitimate reason for the adverse action overcomes the plaintiff's prima facie showing only if it rebuts the presumption of retaliation as a matter of law, construing the evidence in favor of the plaintiff. (See *Wilson, supra*, 7 Cal.5th at p. 891.)

Here, Everlasting Gifts argued the presumption of retaliation was rebutted. It based this argument on its assertion it "can establish that it filed the trade secret action against [Eckhardt] because it had determined that [Eckhardt] had used Defendant Everlasting Gifts' confidential proprietary information, including vendor and customer lists, to start a competing business called Aries Alchemy & Artifacts." Everlasting Gifts' evidence in support of the anti-SLAPP motion consisted of Rajania's declaration that Eckhardt sold her own items separately to customers of Everlasting Gifts and that

6

Eckhardt sold items from the same vendors. In a conclusory fashion, Rajania declared: "Eckhardt used Everlasting Gifts' confidential proprietary information, including vendor and customer lists."

This evidence submitted by Everlasting Gifts in support of the anti-SLAPP motion did not establish that the Labor Commissioner's prima facie showing of retaliation was overcome as a matter of law. Leaving aside the conclusory nature of Rajania's statement that Eckhardt used confidential proprietary information, whether Everlasting Gifts filed the Trade Secrets Lawsuit to retaliate against Eckhardt for engaging in protected activity or for nonretaliatory reasons is a question of fact, requiring determinations of credibility on conflicting evidence. Everlasting Gifts' evidence therefore did not defeat the Labor Commissioner's prima facie showing of retaliation as a matter of law. (*Wilson, supra*, 7 Cal.5th at p. 891.)

Even though a plaintiff must carry the burden of proving intentional retaliation, including pretext, at trial (*Yanowitz, supra*, 36 Cal.4th at p. 1042), the plaintiff need only make a prima facie showing of retaliation to overcome an anti-SLAPP motion because credibility and conflicting evidence determinations are all decided in the plaintiff's favor. As a result, an inference of retaliation based on the timing of the defendant's action is enough to overcome an anti-SLAPP motion if there is no evidence rebutting the prima facie showing as a matter of law. Here, there is no evidence rebutting the prima facie showing of retaliation as a matter of law, so the Labor Commissioner's complaint has at least minimal merit. Therefore, the trial court properly denied the anti-SLAPP motion because the Labor Commissioner produced evidence supporting a probability of prevailing on the merits.

Everlasting Gifts attempts to raise two more grounds, for the first time on appeal, for finding that the Labor Commissioner cannot prevail on the merits. Everlasting Gifts asserts its conduct in filing the Trade Secrets Lawsuit is protected by the litigation privilege and, applying law relating to malicious-prosecution actions, the Labor

7

Commissioner's retaliation action is jurisdictionally barred because Eckhardt has not prevailed on the merits in the Trade Secrets Lawsuit. We conclude these arguments were forfeited for the purpose of the anti-SLAPP motion because they were not raised in the trial court.

Civil Code section 47, subdivision (b) provides a privilege for publications made in a judicial proceeding. Everlasting Gifts argues that the Labor Commissioner cannot prevail in this action because the filing of the Trade Secrets Lawsuit was privileged under Civil Code section 47, subdivision (b). It is not immediately apparent that retaliation against a worker in the form of filing a complaint against the worker is privileged. (See *Bill Johnson's Rests. v. NLRB* (1983) 461 U.S. 731, 744 [76 L.Ed.2d 277, 290] [National Labor Relations Board may enjoin a baseless retaliation lawsuit].) In any event, Everlasting Gifts has not properly preserved the question for appeal. If an appellate "theory was never presented to the trial court," it is forfeited. (*Children's Hospital & Medical Center v. Bonta* (2002) 97 Cal.App.4th 740, 776 (*Children's Hospital*).) As more specifically relevant here, a defense based on the litigation privilege "must be specially pleaded or it cannot be availed of." (*Stevens v. Snow* (1923) 191 Cal. 58, 64.) Thus, having failed to raise the litigation privilege in the trial court, Everlasting Gifts cannot raise it for the first time here.

Everlasting Gifts also claims this action is jurisdictionally barred because Eckhardt has not prevailed in the Trade Secrets Lawsuit. But Everlasting Gifts bases this on the principle that a defendant in a civil action is barred from filing a malicious-prosecution action against the plaintiff until the defendant obtains a favorable outcome on the merits in the first proceeding. (See *Babb v. Superior Court* (1971) 3 Cal.3d 841, 845 [plaintiff in malicious-prosecution action must prove prior judicial proceeding was terminated in plaintiff's favor].) There are three problems with Everlasting Gifts' argument. First, the defendant in the Trade Secrets Lawsuit (Eckhardt) is not a party to this action. Second, this is not a malicious-prosecution action, it is a retaliation action filed by the Labor

8

Commissioner. And third, Everlasting Gifts provides no authority or argument for the proposition that the Labor Commissioner is bound by any outcome in the Trade Secrets Lawsuit. Precedent that a malicious-prosecution action is barred unless the plaintiff prevails on the merits does not apply here, and Everlasting Gifts makes no persuasive argument that malicious-prosecution law should apply here. Accordingly, this action is not jurisdictionally barred, and having failed to raise the malicious-prosecution analogy in the trial court in its anti-SLAPP motion, Everlasting Gifts forfeited reliance on the theory on appeal. (*Children's Hospital, supra*, 97 Cal.App.4th at p. 776.)

II

Everlasting Gifts next contends the trial court erred when it concluded that the anti-SLAPP statute does not apply to Rajania because she is not a party to the Trade Secrets Lawsuit and did not engage in protected activity.

A defendant bears the initial burden to show a cause of action arises from the defendant's constitutionally protected activity. "[T]he critical consideration is whether the cause of action is based on the defendant's protected free speech or petitioning activity. [Citation.]" (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 89, italics omitted.)

Here, there is no dispute Rajania did not file a lawsuit against Eckhardt. Based on that fact, the trial court concluded Rajania is not protected by the anti-SLAPP statute. However, Everlasting Gifts asserts the statute must be interpreted broadly to include and protect Rajania. Perhaps consistent with Everlasting Gifts' argument, the California Supreme Court has favored a broad view of the phrase "*any act* of that person in furtherance of the person's right of petition or free speech . . . ." (§ 425.16, subd. (b)(1), italics added; *Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1056.) " 'Any act' includes communicative conduct such as the filing, funding, and prosecution of a civil action. [Citation.] This includes qualifying acts committed by attorneys in representing clients in litigation. [Citations.]" (*Rusheen,* at p. 1056.)

Nevertheless, because we conclude the Labor Commissioner established a probability of prevailing on the merits, we need not consider whether the coverage of the anti-SLAPP statute extends to someone like Rajania who did not personally engage in the protected activity.

III

Everlasting Gifts further contends the trial court erred by declining to consider evidence that Everlasting Gifts provided with its reply to the Labor Commissioner's opposition to the anti-SLAPP motion.

In its anti-SLAPP motion, Everlasting Gifts acknowledged that the Labor Commissioner's action relied on the inference of retaliation drawn from Everlasting Gifts' filing of the Trade Secrets Lawsuit two months after the Labor Commissioner determined that Everlasting Gifts had retaliated against Eckhardt for using sick leave. The Labor Commissioner responded with evidence of that temporal proximity and asserted the inference that the timing of Everlasting Gifts' Trade Secrets Lawsuit established a prima facie case of retaliation. Everlasting Gifts filed a reply in support of the anti-SLAPP motion and included a supplemental declaration of Rajania. The declaration stated that Rajania saw items listed on Eckhardt's social media site that closely resembled the products Everlasting Gifts sold, Rajania had undertaken substantial efforts to safeguard Everlasting Gifts' vendor information, Eckhardt had access to vendor information, and Eckhardt bought products from one of Everlasting Gifts' vendors. In ruling on the anti-SLAPP motion, the trial court declined to consider Rajania's supplemental declaration because the Labor Commissioner was not afforded an opportunity to review and respond to the evidence.

Everlasting Gifts argues the trial court erred by not considering the evidence submitted with the reply, referring to the evidence as rebuttal evidence. Everlasting Gifts claims that, because the burden shifts to the plaintiff in an anti-SLAPP motion to produce

10

evidence supporting a prima facie showing of merit, the defendant should be entitled to rebut that showing with evidence of its own. We disagree.

Everlasting Gifts acknowledges that the lone case on this issue rejects the argument that a trial court must consider rebuttal evidence submitted in an anti-SLAPP motion. (*Jay v. Mahaffey* (2013) 218 Cal.App.4th 1522, 1536-1537.) However, Everlasting Gifts argues *Jay* was wrongly decided. We will follow *Jay* and need not decide whether it is wrongly decided because, even if the trial court should have considered the rebuttal evidence, the rebuttal evidence did not negate the inference from Everlasting Gifts' timing in filing the Trade Secrets Lawsuit as a matter of law. While it is true that a jury, making credibility determinations and resolving conflicts, could eventually determine that the reasons Everlasting Gifts now gives for filing the Trade Secrets Lawsuit were not pretextual, for now, in the context of an anti-SLAPP motion, the rebuttal evidence proffered by Everlasting Gifts is simply conflicting evidence. The trial court could not resolve the conflicts at this stage of the proceedings. Therefore, even if the trial court erred, the error was not prejudicial. (Cal. Const., art. VI, § 13.)

## DISPOSITION

The order is affirmed. The Labor Commissioner is awarded its costs on appeal. (Cal. Rules of Court, rule 8.278(a).)

/S/

MAURO, J.

We concur:

/S/

ROBIE, Acting P. J.

/S/

RENNER, J.

11