Filed 2/14/25  Hornemann v. Shryock CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DIETER HORNEMANN, Plaintiff and Appellant, v. WESLEY SHRYOCK et al., Defendants and Respondents. | F087850 (Super. Ct. No. BCV-23-103504) **OPINION** |

APPEAL from a judgment of the Superior Court of Kern County.  Gregory A. Pulskamp, Judge.

Dieter Hornemann, in Pro. Per., for Plaintiff and Appellant.

Meyers Nave, Adam U. Lindgren and Catherine L. Carlisle for Defendants and Respondents.

-ooOoo-

Dr. Dieter Hornemann (Hornemann), the plaintiff in this action who has been a self-represented litigant throughout these proceedings, appeals a judgment of dismissal after the trial court sustained a demurrer to his complaint without leave to amend, which was brought by defendants Bear Valley Community Services District (Bear Valley CSD),

a public entity California Special District, and current and former employees of Bear Valley CSD (collectively, defendants).[1]  While Hornemann appears to raise several procedural and substantive issues concerning the demurrer, he failed to provide an adequate record for our review and relies on facts and evidence outside the record to support his contentions.  Therefore, we are required to affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Hornemann initiated this action in October 2023, by filing a complaint against defendants.  According to Hornemann's opening appellate brief, he brought the action because the water to his home was turned off in April 2022.[2]  In December 2023, the case was assigned to the Honorable Gregory A. Pulskamp for all purposes.

In February 2024, defendants filed a demurrer to the complaint and a motion to strike the complaint's punitive damages claim.  Defendants noticed the hearing on the demurrer and motion to strike for March 22, 2024, and served the demurrer, motion to strike, and supporting papers on Hornemann by mail on February 13, 2024.  The hearing date, time, and division also were included on the caption page of the demurrer and motion to strike.

---

[1]  The individual defendants are Wesley Shryock, John Grace, Charles Jensen, Geva Frevert, Terry Quinn, Martin Hernandez, and Hamed Jones.

[2]  The only documents Hornemann designated to be included in the clerk's transcript were the required documents, namely, the notice of appeal, notice designating the record on appeal, the judgment being appealed and the notice of entry of the judgment, and the register of actions.  In response, defendants designated the following additional documents to be included in the clerk's transcript:  (1) the demurrer and supporting memorandum of points and authorities; (2) two declarations in support of the demurrer and motion to strike; (3) two requests for judicial notice in support of the demurrer; (4) the motion to strike and supporting memorandum of points and authorities; and (5) the replies in support of the demurrer and motion to strike.  The complaint, Hornemann's opposition to the demurrer, and his "Short Reply" to the demurrer and motion to strike are not in the appellate record.

2.

The primary ground for the demurrer was defendants' contention that the complaint failed to allege compliance or excuse from compliance with the mandatory pre-suit claim presentation requirement of the Government Claims Act (Gov. Code, § 810 et seq.).[3] Defendants asserted judicially noticeable evidence demonstrated Hornemann never complied with the requirement and could not do so because the relevant deadlines had expired, thereby barring his claims in this lawsuit.

In support of the demurrer, defendants submitted the declaration of Denise Jelleschitz, the secretary to the board of directors for Bear Valley CSD. Jelleschitz declared that she reviewed Bear Valley CSD's files and investigated the receipt of any documents related to Hornemann's claims and determined: (1) he never presented a claim to Bear Valley CSD; (2) the first notice Bear Valley CSD received of Hornemann's claims in the lawsuit was when it received the summons and complaint in January 2024; and (3) Hornemann did not submit an application for leave to submit a late claim to Bear Valley CSD and Bear Valley CSD had not received a petition requesting a court order relieving Hornemann from the claims presentation requirement.[4] Defendants argued Hornemann could not cure his failure to present a claim or be granted relief from timely claims presentation because the statutory deadlines for presenting a claim and seeking leave to file a late claim had expired.

The demurrer also asserted that all causes of action must be dismissed because the complaint was uncertain, ambiguous, and unintelligible as to the causes of action alleged and the basis for any cause of action. According to the defendants, the complaint did not

---

[3]     The Government Claims Act requires a plaintiff to timely present a claim for money or damages to the public entity as a condition precedent to filing a lawsuit against the entity; the failure to do so bars the plaintiff from suing that entity. (*Coble v. Ventura County Health Care Agency* (2021) 73 Cal.App.5th 417, 421; Gov. Code, §§ 911.2, 945.4.)

[4]     Defendants also filed a request for judicial notice, asking the court to take judicial notice of Jelleschitz's statements in her declaration.

include separately pled causes of action and it was ambiguous as to the causes of action alleged. The demurrer addressed nine purported causes of action Hornemann listed on the complaint's caption page, arguing each cause of action must be dismissed because they either were not independent causes of action or were barred by governmental immunities, the statute of limitations, or Hornemann's failure and inability to plead the requisite elements.

On February 28, 2024, Hornemann filed an opposition which, as stated in the register of actions, was entitled: "*(1) Opposition to Demurrer. (2) Violation of Gov Newsom State of Emergency Executive Order Proclmation [*sic*]. (3) Nonfeasance by C.S.D. Employee (4) Violation of California Civil Code 3294.*" The opposition, however, is not in the clerk's transcript.

On March 15, 2024, defendants filed replies to the opposition to the demurrer and motion to strike, along with a second request for judicial notice.[5] In their reply on the demurrer, defendants asserted the demurrer must be sustained because it was undisputed that Hornemann failed to timely present a claim to Bear Valley CSD before he filed the lawsuit as required by the Government Claims Act. Defendants further asserted there was no dispute that each purported cause of action failed as a matter of law. Defendants claimed Hornemann improperly spent the bulk of his opposition attempting to add a new claim to the complaint based on the alleged violation of State Executive Order N-42-20, which Hornemann asserted prevented his water from being shut off in April 2022. Defendants argued Hornemann could not maintain a claim based on the executive order because it expired in September 2021. Defendants asked the trial court to take judicial notice of the executive order.

---

[5] In their reply on the motion to strike, defendants asserted there was no dispute Hornemann's punitive damages claim failed as a matter of law as Hornemann failed to file an opposition to the motion.

4.

One day before the hearing, Hornemann filed a document with the caption "Plaintiff's Short Reply to Defendants Demurrer to Plaintiff's Complaint, Short Reply to Motion to Strike Punitive Damages Claim." The document is not in the appellate record.

A hearing on the demurrer and motion to strike was held on March 22, 2024. While defendants' counsel appeared at the hearing, Hornemann did not. The trial court summarized its ruling at the hearing. It sustained the demurrer without leave to amend on the basis that Hornemann had not alleged compliance with Government Code section 945.4 of the Government Claims Act. The trial court explained the express language of the statute clearly requires the filing of a claim as a condition precedent to maintaining any cause of action against a public entity and the statute had not been complied with. Hornemann was required to allege and prove that element to prevail.

The trial court further explained that Hornemann had six months from April 18, 2022, when his action accrued, to present a claim, and the judicially noticeable evidence showed Hornemann failed to file a claim within that period or seek leave to file a late claim. Therefore, the action was time barred. On the merits of the case, the trial court found Hornemann had not alleged facts sufficient to constitute a cause of action. The trial court did not rule on the motion to strike as the ruling on the demurrer rendered the motion moot, but it noted the motion was well taken. The trial court granted defendants' request for judicial notice.

On March 22, 2024, defendants filed and served notice of the trial court's ruling on Hornemann, which stated that the demurrer was sustained in its entirety without leave to amend, defendant's request for judicial notice in support of the demurrer was granted, and the motion to strike was denied as moot.

Hornemann filed his notice of appeal on April 2, 2024, after the order sustaining the demurrer but before the judgment of dismissal was entered on April 17, 2024. Although the notice of appeal was premature since an order sustaining a demurrer without leave to amend is not appealable, in the interests of justice and absent any

5.

prejudice to defendants, we construe the appeal as taken from the later-filed judgment. (*Vitkievicz v. Valverde* (2012) 202 Cal.App.4th 1306, 1310, fn. 2.)

## DISCUSSION

Hornemann appears to contend that: (1) he was excused from timely compliance with the claims presentation requirement because he filed a claim with a governmental entity other than Bear Valley CSD and did not receive a response; (2) his subjective fear of losing his home to foreclosure prevented him from filing a claim with Bear Valley CSD; (3) he filed a peremptory challenge to Judge Pulskamp but it was returned as untimely; (4) he was erroneously sanctioned for failing to appear at a case management conference that took place after the demurrer was sustained but before judgment was entered; and (5) he was not served with notice of the hearing on the demurrer and did not know of the hearing date or time. We agree with defendants that Hornemann has forfeited his contentions by failing to comply with the applicable rules of appellate procedure.

We first note the procedural deficiencies in Hornemann's briefs. The opening brief contains only two citations to the record in support of Hornemann's factual and procedural assertions and does not set forth reasoned arguments supported by relevant legal authority. An opening brief "must [¶] … [¶] … support each point by argument and, if possible, by citation of authority[] and [¶] [s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court,[6] rule 8.204(a)(1)(B) & (C).)

" ' "When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived." ' [Citation.] 'We are not bound to develop appellants' argument for them. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contention as

---

[6] Further references to rules are to the California Rules of Court.

waived.' " (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956; *Trinkle v. California State Lottery* (2003) 105 Cal.App.4th 1401, 1413 ["unless a party's brief contains a legal argument with citation of authorities on the point made, the court may treat it as waived and pass on it without consideration"].)  While Hornemann cites some authorities in support of his arguments, he fails to make any reasoned argument as to why the trial court erred and why that error should result in reversal of the judgment.

Moreover, Hornemann has appended as exhibits eight pages of documents to his opening brief, which consist of a purported description of the Water Shutoff Protection Act, Health and Safety Code section 116900 et seq., and a summary of the Act as it applies to him, a notice of reassignment of the case to Judge Pulskamp filed on December 27, 2023, a document entitled "DECLARATION OF COVID-19-RELATED FINANCIAL DISTRESS," a shut off notice from Bear Valley CSD, and a completed government claim form for the State of California Office of Risk and Insurance Management dated February 14, 2024.

A party may append certain documents to his or her appellate brief, which is limited to 10 pages absent a court order from the presiding justice upon a showing of good cause.  (Rule 8.204(d).)  Although one document attached to the opening brief was part of the trial court record, Hornemann has not demonstrated the other documents such as the declaration, the shut off notice, or the government claim, were part of the record below.  Under rule 8.204(d), the attachments (if not legal authorities) may consist of "exhibits or other materials *in the appellate record* …." (Italics added.)  "Factual matters that are not part of the appellate record will not be considered on appeal and such matters should not be referred to in the briefs."  (*Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 102; see *Doers v. Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 184, fn. 1 [documents not presented to trial court generally may not be included in record on appeal].)

Therefore, a party may not utilize rule 8.204(d) to inject evidentiary or other material that is not part of the appellate record. (See *In re Marriage of Corona* (2009) 172 Cal.App.4th 1205, 1220, fn. 4 [appellate court will not consider arguments based on exhibits that are not part of the record]; *Hodge v. Kirkpatrick Development, Inc.* (2005) 130 Cal.App.4th 540, 546, fn. 1 [exhibit to brief that was not part of record on appeal must be disregarded].)

Thus, the attachments to the opening brief that were not filed in the trial court and are not legal authorities run afoul of the principles that appellate courts may not consider matters outside of the record, and we may not consider them in this appeal. Likewise, we must disregard any factual assertions which are not contained in the record. (*Doers v. Golden Gate Bridge etc. Dist.*, *supra*, 23 Cal.3d at p. 184, fn. 1; *Citizens Opposing a Dangerous Environment v. County of Kern* (2014) 228 Cal.App.4th 360, 366, fn. 8; *Pulver v. Avco Financial Services* (1986) 182 Cal.App.3d 622, 632; see rule 8.204(a)(2)(C) [opening brief shall contain summary of facts "limited to matters in the record"].)

In addition to deficiencies in his briefs, Hornemann has failed to procure an adequate appellate record to permit us to review his claims of error. Ordinarily a trial court judgment is presumed to be correct, and it is the appellant's burden to show, based on the record presented to the appellate court, "that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) Since our review is limited to matters contained in the record on appeal, without the proper record we conclusively presume the evidence supports the judgment. (*Pringle v. La Chapelle* (1999) 73 Cal.App.4th 1000, 1003–1004, fn. 2.) An appellant therefore has the burden of providing a reviewing court with an adequate record to support any claimed error. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295–1296 ["Because they failed to furnish an adequate record … [the] defendants' claim must be resolved against them."].)

8.

Although Hornemann challenges the order sustaining the demurrer to the complaint without leave to amend, the record lacks the complaint and opposition.[7] Our standard of review for an order sustaining a demurrer without leave to amend is de novo, which requires independent review of the complaint. (*Committee for Green Foothills v. Santa Clara County Bd. of Supervisors* (2010) 48 Cal.4th 32, 42.) Without the pleading central to his appeal, i.e., the complaint, it is "impossible for this court to review the complaint de novo to determine whether it states a cause of action." (*Bains v. Moores* (2009) 172 Cal.App.4th 445, 478.) For example, without the complaint and opposition, we have no way to assess, as Hornemann asserts, whether the trial court was asked to consider "options" to the claims presentation requirement such as estoppel or his submitting a claim to another government entity. "We cannot presume error from an incomplete record." (*Christie v. Kimball* (2012) 202 Cal.App.4th 1407, 1412.) We are not permitted to speculate as to the contents of the missing portions of the record or the issues that may have been raised below. (*Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 712.) The failure to provide an adequate record on appeal "precludes an adequate review and results in affirmance of the trial court's determination." (*Estrada v. Ramirez* (1999) 71 Cal.App.4th 618, 620, fn. 1.)

In addition, the record does not show that Hornemann raised in the trial court his assertions of procedural error concerning his purported submission of a peremptory challenge to Judge Pulskamp, the service of the demurrer and its timing, and the imposition of sanctions for failing to appear at the case management conference.[8]

---

[7] Hornemann also addresses the motion to strike in his appellate briefs, but since the trial court denied the motion as moot, we do not consider his arguments as they are irrelevant to the resolution of this appeal.

[8] We note the register of actions shows that the trial court set an order to show cause hearing for July 25, 2024, regarding the imposition of $250 in sanctions for Hornemann's failure to appear at the April 16, 2024 case management conference. The order to show

Therefore, those arguments are forfeited. (*Quiles v. Parent* (2018) 28 Cal.App.5th 1000, 1013 [" '[f]ailure to raise specific challenges in the trial court forfeits the claim on appeal' "]; *Mundy v. Lenc* (2012) 203 Cal.App.4th 1401, 1406 [" '[a]s a general rule, failure to raise a point in the trial court constitutes [a] waiver and appellant is estopped to raise that objection on appeal' "].)

Finally, Hornemann does not expressly argue that he should have been given leave to amend. He does not explain how he can amend the complaint or how the amendment would change the legal effect of the pleading. " 'The assertion of an abstract right to amend does not satisfy this burden.' [Citation.] The plaintiff must clearly and specifically state 'the legal basis for amendment, i.e., the elements of the cause of action,' as well as the 'factual allegations that sufficiently state all required elements of that cause of action.' " (*Maxton v. Western States Metals* (2012) 203 Cal.App.4th 81, 95, disapproved on another ground in *Ramos v. Brenntag Specialties, Inc.* (2016) 63 Cal.4th 500, 509.)

To the extent Hornemann contends he can amend the complaint to allege that he filed a claim with another government entity, or that Bear Valley CSD is estopped from asserting the limitations of the Government Claims Act, Hornemann does not make a reasoned argument on how he would be excused from failing to file a timely claim with Bear Valley CSD. Hornemann does not cite any authority to support the proposition that submitting a claim to an entity other than Bear Valley CSD satisfies the claim presentation requirement so that he may sue defendants.

As for the estoppel claim, a public entity may be estopped from asserting the claims presentation statute as a defense where its agent or employee has committed fraud or otherwise discouraged the injured party from filing a claim. (*Ortega v. Pajaro Valley*

---

cause hearing, however, was cancelled once the judgment was entered on April 17, 2024. Thus, sanctions were never imposed.

*Unified School Dist.* (1998) 64 Cal.App.4th 1023, 1044; *John R. v. Oakland Unified School Dist.* (1989) 48 Cal.3d 438, 445 ["[i]t is well settled that a public entity may be estopped from asserting the limitations of the claims statute where its agents or employees have prevented or deterred the filing of a timely claim by some affirmative act"].) Hornemann contends he was deterred from filing a timely claim because he feared losing his house through foreclosure after a Bear Valley CSD employee yelled at him to pay his bills. But Hornemann does not assert the employee discouraged him from filing a claim or committed some affirmative act that prevented or deterred him from filing a timely claim. Therefore, this allegation does not establish estoppel.

It is Hornemann's burden to establish how his complaint may be amended to cure its defects. (*V.C. v. Los Angeles Unified School Dist.* (2006) 139 Cal.App.4th 499, 518.) Hornemann has not met his burden as he failed to demonstrate how he can amend his complaint to allege facts supporting the application of estoppel or to otherwise excuse his failure to comply with the claims presentation requirement.

In sum, Hornemann has forfeited his claims of error due to the deficiencies in his briefs, his reliance on facts and documents outside the record, the failure to procure an adequate record, and his apparent failure to raise his objections in the trial court. We acknowledge Hornemann is representing himself in this appeal and therefore has not had the formal legal training that would be beneficial to him in advocating his position. However, the rules of civil procedure apply with equal force to self-represented parties as they do to those represented by attorneys. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985.) Thus, "[w]hen a litigant is appearing in propria persona, he [or she] is entitled to the same, but no greater, consideration than other litigants and attorneys." (*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638; see *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.) Having forfeited his claims, we have no choice but to affirm the judgment.[9]

---

[9] At oral argument, Hornemann asserted he asked for documents to be included in the clerk's transcript that were not in the transcript he received. Hornemann, however,

11.

## DISPOSITION

The judgment is affirmed.  Costs on appeal are awarded to defendants.  (Rule 8.278(a)(5).)

                                                DE SANTOS, J.

WE CONCUR:

DETJEN, Acting P. J.

SNAUFFER, J.

---

did not request to augment the record.  As we have stated, it is Hornemann's burden to provide an adequate record to support his appellate arguments.  (*Estrada v. Ramirez*, *supra*, 71 Cal.App.4th at p. 620, fn. 1 [it is appellant's burden "to provide an accurate record on appeal to demonstrate error"; "[f]ailure to do so precludes an adequate review and results in affirmance" of the trial court's order].)  Hornemann also mentioned at oral argument that he only received a partial reporter's transcript.  Our docket shows that the superior court clerk served the reporter's transcript on Hornemann on July 23, 2024.  If the reporter's transcript was incomplete, it was incumbent on him to notify either this court or the superior court, which he apparently failed to do.

12.