Filed 3/19/26  Quality Loan Service Corp. v. Szanto CA4/3
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| QUALITY LOAN SERVICE CORP., <br><br> Plaintiff, <br><br> v. <br><br> PETER SZANTO, <br><br> Defendant, Cross-complainant and Appellant; <br><br> BANK OF AMERICA, N.A., <br><br> Defendant, Cross-defendant and Respondent. | G063598 <br><br> (Super. Ct. No. 30-2022-01298592) <br><br> O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Layne H. Melzer, Judge. Affirmed. Request for judicial notice and motion to strike denied.

Peter Szanto, in pro. per., for Defendant, Cross-complainant and Appellant.

McGuireWoods and Shailika Shah Kotiya for Defendant, Cross-defendant and Respondent.

Peter Szanto appeals from the judgment entered after the trial court awarded the surplus proceeds from a nonjudicial foreclosure sale of his real property (property) to Bank of America, N.A. On appeal, Szanto asserts he is entitled to the surplus proceeds. He argues: (1) the foreclosure sale was void because it violated an automatic stay imposed by the initiation of a bankruptcy proceeding; (2) the court abrogated its duty to investigate the facts of this case, failed to consider evidence the property was not sold to a bona fide purchaser, and failed to order an accounting of the money collected and disbursed from the foreclosure sale; (3) the court erred by striking his cross-complaint and by finding the case involved a special, rather than ordinary, proceeding; and (4) the foreclosure sale violated a "[p]robate stay." We find Szanto forfeited his appellate claims and therefore affirm.[1]

FACTUAL AND PROCEDURAL BACKGROUND

Szanto and his spouse, since deceased, owned the property as tenants in common. Szanto executed a first deed of trust, which secured an indebtedness to a bank. He later executed a second deed of trust, which secured an indebtedness to another bank, Bank of America.

Szanto defaulted under the terms of the first deed of trust. Because of the default, the trustee under the first deed of trust, Quality Loan Service Corporation (trustee), held a nonjudicial foreclosure sale and sold the property to the highest bidder, a third party, in August 2022. After payments to the foreclosing beneficiary bank's unpaid debt, trustee, and attorney, surplus proceeds from the sale remained in the amount of $632,816.86. The

---

[1] We deny Bank of America's request for judicial notice and Szanto's motion to strike portions of Bank of America's brief referring to a bankruptcy case, as we do not reach Bank of America's alternative arguments that rely on the documents.

trustee mailed a notice of surplus funds to persons and entities pursuant to Civil Code section 2924j, subdivision (a) (all undesignated references are to this code). The notice indicated the priority of claims for the surplus funds in the following order: (1) Bank of America's deed of trust; (2) Newport Coast Community Association's lien; (3) Santa Lucia Community Association's lien; and (4) Szanto and his deceased spouse as former owners.

In response to the notice, Szanto filed a statement of claim to surplus funds with the trustee. In written communications with the trustee, Szanto asserted he was entitled to all the funds from the foreclosure sale, not merely the surplus funds. He also accused the trustee of conducting a fraudulent foreclosure sale.

In December 2022, the trustee filed a "petition and declaration regarding unresolved claims and deposit of undistributed surplus proceeds of trustee's sale" in the trial court pursuant to section 2924j, subdivision (c). (Capitalization omitted.) The trustee asserted a conflict existed between potential claimants to the surplus funds. The trustee explained it was unable to determine the proper distribution of the surplus funds because of Szanto's accusation of a fraudulent foreclosure sale. The trustee requested to deposit the surplus funds with the clerk of the court and asked the court to distribute the surplus funds.

In August 2023, Bank of America filed a claim to surplus proceeds in the trial court. Bank of America asserted it was owed $1,091,612.91 under the second deed of trust and therefore entitled to any surplus funds according to statutory priority.

In late August 2023, Szanto filed a cross-complaint against the trustee, the trustee's counsel, and the purchaser of the property.

3

A few months later, Szanto filed a claim for surplus proceeds in the trial court. In his claim, he asserted his deceased spouse's probate estate, of which he was the administrator, filed a bankruptcy petition in a federal bankruptcy court. He asserted, because the bankruptcy petition imposed an automatic stay under section 362 of title 11 of the United States Code, the foreclosure sale violated the automatic stay and was therefore void.

At a trial court hearing in early November 2023, the court made the following findings. The court struck Szanto's cross-complaint, explaining it was presiding over a special proceeding pursuant to section 2924j, which did not permit cross-complaints. Additionally, the court found the trustee complied with section 2924j, granted the trustee's petition, and directed the trustee to deposit the surplus funds with the clerk of the court. It scheduled a hearing on the claims to surplus funds in December 2023.

A few weeks later, Szanto moved for reconsideration of the trial court's November 2023 findings.

In early December 2023, the trial court tentatively denied Szanto's motion for reconsideration. Additionally, the court considered the claims to the surplus funds filed by Santa Lucia Community, Bank of America, and Szanto. The court noted Szanto failed to authenticate the documents in support of his claim and he did not request judicial notice of any judicially noticeable matters. It directed Szanto to be prepared to address the status of the bankruptcy petition at the hearing on the matter.

At the trial court hearing in mid-December 2023, the court confirmed its tentative ruling on Szanto's motion for reconsideration, denied Szanto's and Santa Lucia Community's claims, and granted Bank of America's claim to the surplus funds.

4

In late December 2023, the trial court ordered the disbursement of surplus funds in the amount of $629,381.86 to Bank of America. Szanto timely appealed.

DISCUSSION

We begin with a brief discussion of basic appellate principles and requirements. An understanding of these principles and adherence to these requirements are necessary for a successful appeal, and these principles and requirements apply equally to self-represented litigants as well as attorneys. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)

"'[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.]' [Citation.] 'This means that an appellant must do more than assert error and leave it to the appellate court to search the record and the law books to test his claim. The appellant must present an adequate argument including citations to supporting authorities and to relevant portions of the record.'" (*L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 619–620.)

To overcome the presumption the judgment is correct, "the appellant must provide an adequate appellate record demonstrating error. [Citation.] '"A necessary corollary to this rule [is] that a record is inadequate . . . if the appellant predicates error only on the part of the record he [or she] provides the trial court, but ignores or does not present to the appellate court portions of the proceedings below which may provide grounds upon which the decision of the trial court could be affirmed." [Citation.]' [Citation.] Where the appellant fails to provide an adequate record of the challenged proceedings,

5

we must presume that the appealed judgment or order is correct, and on that basis, affirm." (*Jade Fashion & Co., Inc. v. Harkham Industries, Inc.* (2014) 229 Cal.App.4th 635, 644; accord, *Modaraei v. Action Property Management, Inc.* (2019) 40 Cal.App.5th 632, 636, fn. 6.)

An appellate record must contain "[a] record of the written documents from the superior court proceedings" in a clerk's transcript, an appendix, or suitable substitute. (Cal. Rules of Court, rule 8.120(a)(1); all rule references are to the California Rules of Court.) It must also include a record of the oral proceedings "[i]f an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court." (Rule 8.120(b).) Whether proceeding by a clerk's transcript or appendix, an appellant must include in the appellate record: the judgment or order appealed from, the notice of appeal, any motion for new trial, the register of actions, and documents filed in the superior court necessary for consideration of the appellate issues. (Rules 8.122(b)(1), (3)(A) & 8.124(b)(1)(A)–(B).) "Filing an appendix constitutes a representation that the appendix consists of accurate copies of documents in the superior court file." (Rule 8.124(g).)

In this appeal, Szanto elected to proceed with an appendix in lieu of a clerk's transcript. (Rule 8.124(a)(1)(A).) This is perfectly acceptable, but Szanto has not complied with the rules that govern the contents of an appellant's appendix. For certain documents, he included unauthenticated copies bearing no indication he filed them with the trial court in the instant case (e.g., the purported "[p]robate stay"). "As a general rule, documents not before the trial court cannot be included as a part of the record on appeal." (*Doers v. Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 184, fn. 1, overruled in part on another ground in *Quach v. California Commerce Club,*

6

*Inc.* (2024) 16 Cal.5th 562, 582, fn. 4.) We therefore do not consider these documents.

Additionally, Szanto omitted important documents necessary for consideration of the issues on appeal. They include the parties' written arguments regarding the propriety of Szanto's cross-complaint, Szanto's motion for reconsideration of the November 2023 order, and the reporter's transcripts.[2] The omission of these documents has a devastating impact on his appeal because the "'[f]ailure to provide an adequate record on an issue requires that the issue be resolved against [appellant].'" (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.)

We also decline to address the issues on appeal because of other deficiencies. First, in their appellate briefs, litigants must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Rule 8.204(a)(1)(C).) "If a party fails to support an argument with the necessary citations to the record, the argument will be deemed waived." (*LA Investments, LLC v. Spix* (2022) 75 Cal.App.5th 1044, 1061.) Record citations are important because an appellate court is not required to search the record for facts to support a party's argument. (*Nwosu v. Uba, supra,* 122 Cal.App.4th at p. 1246.) Here, Szanto failed to provide any citations to the record in support of a few arguments. These arguments are: the trial court abrogated its duty to

---

[2] Although an appellant may proceed without a reporter's transcript (see rules 8.120(b), 8.130(a)(4)), Szanto raises at least two issues that require considering the oral proceedings: fraud and the impact of the bankruptcy case on the instant case. Szanto refers to his oral arguments before the trial court in his opening brief. Additionally, in the December 2023 tentative ruling, the court asked Szanto to be prepared to discuss a series of questions regarding the status of the bankruptcy case at the December 2023 hearing.

investigate the facts of this case, specifically the trustee's purported bad acts; the court failed to consider evidence the trustee did not sell the property to a bona fide purchaser; and the court, because of its failure to examine the facts, violated canon 3B(1) of the California Code of Judicial Ethics, which provides in pertinent part: "A judge shall hear and decide all matters assigned to the judge."

Second, "'[i]t is axiomatic that arguments not raised in the trial court are forfeited on appeal.'" (*People v. Graham* (2024) 102 Cal.App.5th 787, 798.) For the first time on appeal (as far as we can tell based on this incomplete appellate record), Szanto argues the foreclosure sale violated a "[p]robate stay," citing a court order enjoining any trustee sale of the property until the resolution of a motion concerning the validity of the foreclosure of the property.

Third, "[w]hen legal argument is not supported by citation to legal authority on a particular point, 'we may treat the point as forfeited and pass it without consideration.'" (*Pinter-Brown v. Regents of University of California* (2020) 48 Cal.App.5th 55, 95.) Szanto argues the trial court failed to order an accounting of the money collected and disbursed from the foreclosure, but he does not cite any legal authority in support.

Fourth, an unpublished opinion "must not be cited or relied on by a court or a party in any other action." (Rule 8.1115(a).) In a minute order dated December 14, 2023, the trial court admonished Szanto for citing an unpublished opinion in support of his motion for reconsideration. On appeal, Szanto cites two unpublished appellate court cases in his opening brief and two more in his reply brief.

Fifth, an appellant's opening brief must include "a summary of the significant facts limited to matters in the record." (Rule 8.204(a)(2)(C).)

8

Although Szanto's opening brief refers to various events in the matter, it does not provide a clear summary of the significant facts.

In sum, due to the inadequate appellate record and other deficiencies, we find Szanto forfeited his appellate claims.

DISPOSITION

The judgment is affirmed. Respondent is entitled to costs on appeal.

MOTOIKE, ACTING P. J.

WE CONCUR:

MOORE, J.

SANCHEZ, J.